Jerome STERLING, Jr., et al., Plaintiffs,

v.

W. KAZMIERCZAK, et al., Defendants.

No. 96 C 8066.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 25, 1997.

Brenda Ann–Sahirah Rahman, Bobbitt & Pinkston, Chicago, IL, for Plaintiffs.

Michael J. Wagner, Baker & McKenzie, Chicago, IL, for Defendant Marcel Cairo.

Richard T. Wimmer, James Vincent Ferolo, Lance C. Malina, Klein, Thorpe & Jenkins, Ltd., Chicago, IL, for Defendants W. Kazmierczak and Village of Orland Park, IL.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are two motions to dismiss plaintiffs Jerome Sterling, Jr. and Jerome Sterling, Sr.'s complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The first motion is brought by defendants Officer W. Kazmierczak and the Village of Orland Park; the second is brought by defendants Sportmart, Inc. and Marcel Cairo.

For the reasons that follow, the court grants both motions to dismiss.

## I. BACKGROUND

Plaintiffs' first amended complaint alleges the following facts which, for the purpose of ruling on these motions, are taken as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232–33, 81 L.Ed.2d 59 (1984). On November 30, 1995, Jerome Sterling, Jr. ("Sterling Jr.") entered a Sportmart, Inc. ("Sportmart") store located at 1385 Orland Park Place, Orland Park, Illinois to purchase air rifle cartridges. When he entered the store, Sterling Jr. was wearing a pair of Nike Air Jordan athletic shoes that he had purchased four days earlier from Marshall Field's. After entering the store, Sterling Jr. first searched for the air rifle cartridges, after which he went to the area of the store that had sports games for sale. He then he examined and sampled some of the games.

At that time, defendant Marcel Cairo ("Cairo"), one of the store's security guards, approached Sterling Jr. and questioned him about the pair of athletic shoes that Sterling Jr. was wearing. Sterling Jr. told Cairo that he had purchased the shoes four days earlier from Marshall Field's. Cairo did not ask Sterling Jr to show him a receipt for the shoes; rather, Cairo simply accused Sterling Jr. of stealing the shoes and removed the shoes from his feet.

Cairo then contacted the Orland Park Police. Officer W. Kazmierczak ("Officer Kazmierczak") responded to the call. Based on the information provided to him by Cairo, Officer Kazmierczak released the shoes to Cairo, arrested and handcuffed Sterling Jr., and took Sterling Jr. to the Orland Park Police Station. Sterling Jr. was charged with retail theft and placed into a holding cell until his bail was paid.

Sterling Jr. went to trial on the charge. During his trial, Sterling Jr. produced a Marshall Fields' receipt for the pair of shoes along with other evidence. He was found not guilty.

To date, Sportmart refuses to return to Sterling Jr. the pair of shoes that were taken

from him. In addition, Sportmart has procured the services of defendant Civil Recovery Services to collect from Sterling Jr. the full cost of the shoes, attorney's fees and costs, and other unspecified monies.

As a result of the above alleged incidents, plaintiffs filed an eight-count complaint against defendants Cairo, Sportmart, Civil Recovery Services and C.J. Sommer, alleging one federal claim under 42 U.S.C. § 1983 and seven state law claims. The section 1983 claim was against Cairo. On its own motion, the court (1) dismissed the section 1983 claim because Cairo was as a private, not state, actor and (21) dismissed the state law claims pursuant to 28 U.S.C. § 1367 without prejudice so that plaintiffs could pursue those claims in state court.

Instead of filing the action in state court, plaintiffs filed an amended complaint in this court. The amended complaint added two defendants, Officer Kazmierczak and the Village of Orland Park ("the Village"), and includes ten counts, three federal claims and seven state law claims. This court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.[1]

## II. *DISCUSSION*

### A. *Standard for deciding Rule 12(b)(6) motion to dismiss*

■ When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill. 1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois*

State Bd. of Educ., 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the complaint only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Even under the liberal notice pleading standard of the Federal Rules of Civil Procedure, however, a complaint must include either direct or inferential allegations respecting all material elements of the claims asserted. *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). Bare legal conclusions attached to narrated facts will not suffice. *Strauss v. City of Chicago,* 760 F.2d 765, 768 (7th Cir.1985).

■ Finally, when ruling on a Rule 12(b)(6) motion to dismiss, the court should consider any additional facts alleged by plaintiff in either an affidavit submitted to the court or plaintiff's response brief if those facts are consistent with the complaint's allegations. *See, e.g., Albiero v. City of Kankakee,* 122 F.3d 417, 419 (7th Cir.1997) ("[A] plaintiff may supplement the complaint with factual narration in an affidavit or brief. If the extra assertions make out a claim, then the complaint stands."); *Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 439 (7th Cir. 1994) ("This court has held that when reviewing Rule 12(b)(6) motions, we will consider new factual allegations raised for the first time on appeal provided they are consistent with the complaint."); *Hrubec v. National R.R. Passenger Corp.,* 981 F.2d 962, 963–64 (7th Cir.1992) ("A plaintiff need not put all of the essential facts in the complaint. He may add them by affidavit or brief—even a brief on appeal."). However, the court should not consider newly alleged claims that are not raised in the complaint or facts that are not consistent with the complaint's allegations. *See Albiero,* 122 F.3d at 419; *Milazzo v. O'Connell,* 925 F.Supp. 1331, 1340 (N.D.Ill. 1996).

---

1. The complaint also states that the court has subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1323(3). The court assumes that this is a typographical error and that plaintiffs are attempting to plead that this court has subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. How-

ever, because the complaint alleges that plaintiffs are both residents of Illinois, and that Sportmart is incorporated in Illinois, there is not complete diversity and, thus, there is not subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *See, e. g., Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312, 1318 (7th Cir.1997).

## B. Federal question claims

Three counts of the complaint allege violations of federal law. Count I alleges a violation of 42 U.S.C. § 1983, while Counts IX and X allege violations of 42 U.S.C. § 1981. Because this court's subject matter jurisdiction over the case is based on those federal claims, the court will consider defendants' motions to dismiss those claims first.

### 1. Count I—section 1983 claim

Count I is a section 1983 claim on behalf of Sterling Jr. against defendants Officer Kazmierczak and the Village for violation of Sterling Jr.'s constitutional rights. Officer Kazmierczak and the Village have moved to dismiss Count I, arguing that it does not state a claim for relief.

■ To state a claim for relief under section 1983, the plaintiff must allege that (1) the defendants deprived the plaintiff of federally protected right and (2) the defendant acted under color of state law. *Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir.1996). Plaintiffs allege violations of various federal rights, each of which the court addresses below.

■ The complaint first alleges that Officer Kazmierczak violated Sterling Jr.'s Fourth Amendment rights by "falsely arresting, detaining and causing Plaintiff to be imprisoned without probable cause." (Compl.¶ 22.) To state a section 1983 claim for arrest and imprisonment without probable cause, the plaintiff must allege that probable cause did not support the arrest. *See Schertz v. Waupaca County,* 875 F.2d 578, 581–82 (7th Cir.1989); *Adrian v. Skokie Fed. Sav. & Loan Ass'n,* 730 F.Supp. 189, 190 (N.D.Ill.1990).

■ Normally, when an arresting officer has "received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth," the officer has probable cause to make the arrest. *E.g., Grimm v. Churchill,* 932 F.2d 674, 675 (7th Cir.1991); *Gramenos v. Jewel Cos.,* 797 F.2d 432, 439 (7th Cir.1986); *Spiegel v. City of Chicago,* 920 F.Supp. 891, 896 (N.D.Ill.1996). An officer is reasonably entitled to rely on information provided by a store security guard if there are no facts which would lead a reasonable officer to question the guard's veracity. *See Gramenos,* 797 F.2d at 439; *Spiegel,* 966 F.Supp. 684, 691.

■ In the case at bar, the complaint's allegation that Kazmierczak arrested plaintiff "without probable cause" is a legal conclusion that is not supported by the facts alleged. Although not an eye-witness to the alleged shoplifting, Officer Kazmierczak arrested Sterling Jr. in reliance on information provided by defendant Cairo, the store's security guard. Plaintiff has made no allegations which would show that Officer Kazmierczak had any reason to question the veracity of Cairo's information Thus, the complaint fails to allege that Officer Kazmierczak did not have probable cause to arrest Sterling Jr. *See Gramenos,* 797 F.2d at 439; *Spiegel,* 920 F.Supp. at 897–99.

Plaintiffs argue that Officer Kazmierczak, did not have probable cause to arrest because the arrest was made without conducting an investigation. However, the law in the Seventh Circuit is that Kazmierczak was entitled to rely on Cairo's information, absent any facts known to Kazmierczak that would lead him to question the veracity of the information. There are no facts alleged in this case that would show that Officer Kazmierczak should have conducted an investigation. *See Spiegel,* 966 F.Supp. at 691, 695–96; *Spiegel,* 920 F.Supp. at 898.

■ Plaintiffs argue that there could not have been probable cause because Sterling Jr. was found not guilty in his criminal trial relating to this matter. The court rejects plaintiffs' argument. While probable cause requires more than mere suspicion, it does not require that the evidence at the time of the arrest be sufficient to prove the defendant's guilt beyond a reasonable doubt. *Bostic v. City of Chicago,* 981 F.2d 965, 968 (7th Cir.1992). The fact that a section 1983 plaintiff was later found not guilty of a crime does not mean that probable cause did not exist to support the arrest for that crime. *Burns v. Cineplex Odeon, Inc.,* No. 95 C 5280, 1996 WL 501742, at *3 (N.D.Ill. Sept.3, 1996).

The complaint also states that Count I is a section 1983 claim for "prosecution without probable cause." Seemingly, plaintiffs are attempting to bring a malicious prosecution claim against Officer Kazmierczak and the Village. However, plaintiffs' allegations show that what plaintiffs are trying to do is "shoehorn a wrongful arrest claim into a malicious prosecution claim." *Reed v. City of Chicago,* 77 F.3d 1049, 1051 (7th Cir.1996).

 The State's Attorney, not the police department, prosecutes a criminal action. *Id.* at 1053. Absent allegations that a police officer committed an improper act after arresting the defendant, the officer is not liable for malicious, prosecution and, by extension, is not liable for a section 1983 claim based on malicious prosecution. *See id.* In the present case, the complaint makes no allegations concerning Officer Kazmierczak's or the Village's role in the prosecution of his criminal case. Rather, the allegations relate solely to whether Officer Kazmierczak had probable cause to arrest Sterling Jr. and take him into custody. Thus, as alleged, plaintiffs' section 1983 claim against these defendants cannot be based on a claim for malicious prosecution.

Finally, plaintiffs have argued in their opposition briefs that Officer Kazmierczak violated Sterling Jr.'s Fourteenth Amendment rights by depriving him of property without due process of law. Such a claim was not raised in the complaint and, therefore, is not properly before the court. *E.g., Albiero,* 122 F.3d at 418–19; *Milazzo,* 925 F.Supp. at 1340; *Thomason v. Nachtrieb,* 888 F.2d 1202, 1205 (7th Cir.1989); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984).

Accordingly, the court finds that the complaint fails to state a section 1983 claim against Officer Kazmierczak and the Village for violation of Sterling Jr.'s Fourth or Fourteenth Amendment rights. Accordingly, the court dismisses Count I.

### 2. Counts IX and X—section 1981 claims

Counts IX and X are section 1981 claim on behalf of Sterling Jr. against defendants Cairo and Sportmart. Cairo and Sportmart have moved to dismiss Counts IX and X, arguing that neither count states a claim for relief.

 Section 1981 provides in pertinent part:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a claim under section 1981, the plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir.1996).

In the present case, plaintiffs' allegations satisfy the first two elements. The complaint alleges that Sterling Jr. is an African American. Plaintiffs have also alleged sufficiently that Cairo had an intent to discriminate against Sterling Jr. on the basis of race. The issue is whether plaintiffs have alleged sufficiently that Cairo's conduct concerned one of the activities enumerated in the statute.

Count IX alleges that Cairo and Sportmart intentionally interfered with Sterling Jr.'s right to make and enforce a contract. Specifically, plaintiffs argue that defendants' conduct interfered with Sterling Jr.'s right to purchase the air rifle cartridges.

 "A claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities." *Morris,* 89 F.3d at 414–15. When a section 1981 plaintiff alleges that the defendant's conduct prevented him from buying merchandise, the plaintiff must allege more than that he had a general interest in the merchandise. *See id.*

at 414. Rather, the plaintiff must sufficiently allege that he would have attempted to make a purchase. *See id.*

■ In the present case, Sterling Jr. simply alleges that he went to the Sportmart store "for the purpose of purchasing air rifle cartridges." There are no allegations that Sterling Jr. ever found the cartridges for which he was looking and that he was prepared to buy such cartridges before he left the store. In addition, there are no allegations that Sterling Jr. had the air rifle cartridges in hand when confronted by Cairo. The allegations simply establish that Sterling Jr. was browsing about the store. The allegations in no way show that Sterling Jr. suffered an actual loss of a contract interest; rather, the allegations only establish that Sterling Jr. suffered a possible loss of a future contract opportunity. As such, Sterling Jr. has failed to state a section 1981 claim for interference with the right to make and enforce contracts.

■ Count X alleges that "the physical and verbal abuse of Plaintiff by Defendant Cairo . . . violated Plaintiff's right to equal protection of the law." Thus, in Count X, plaintiffs have attempted to rely not on the contract language but on the text providing that all persons are entitled to "the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens."

■ Defendants argue that Count X should be dismissed because section 1981 does not address conduct that does not involve the creation or enforcement of contracts. Protecting the right to create and enforce contracts, however, is not the only function of section 1981. *Palmer v. Board of Educ. of Community Unit Sch. Dist. 201–U,* 46 F.3d 682, 686–87 (7th Cir.1995); *Perkins v. Village of Lincolnshire,* No. 94 C 7745, 1996 WL 613159, at *5 (N.D.Ill. Oct.22, 1996). Section 1981 also protects personal rights to sue, to testify, to equal benefits of all laws,

and to equal punishment. *Perkins,* 1996 WL 613159, at *5.

■ However, the parties did not cite and the court could not find any Seventh Circuit decisions which hold that the equal benefits clause creates a federal remedy for state law tort claims where racial animus is alleged. Nor does the court believe that Congress intended such a remedy. Section 1981 "was designed to remove obstacles to the full participation of blacks in the legal system." *Palmer,* 46 F.3d at 687 (citing CHARLES FAIRMAN, VI HISTORY OF THE SUPREME COURT OF THE UNITED STATES): RECONSTRUCTION AND REUNION 1984–88 1207–60 (1971); Gerhard Casper, *Jones v. Mayer: Clio, Bemused and Confused Muse,* (1968 S.Ct.Rev.89). The focus of section 1981 is on the equal opportunity to legal remedies and legal process. *Id.* Thus, as the Supreme Court of the United States stated in *Patterson v. McLean Credit Union,* "[a]lthough we must do so when Congress plainly directs, as a rule we should be and are 'reluctant to federalize' matters traditionally covered by state common law." *Patterson v. McLean Credit Union,* 491 U.S. 164, 183, 109 S.Ct. 2363, 2376, 105 L.Ed.2d 132 (1989) [2]; *see also Spencer v. Casavilla,* 839 F.Supp. 1014, 1017–20 (S.D.N.Y.1993) ("The need to cabin the reach of the federal civil rights laws so as not to create a 'general federal tort law' has been a constant theme of the Supreme Court's decisional law.") (citations omitted).

Based on the above considerations, the court fails to see how Cairo's alleged conduct denied Sterling Jr. of the equal benefit of any law or proceeding as is contemplated by the equal benefits clause of section 1981. Count X seems to allege that Cairo violated section 1981 by committing a tort against Sterling Jr. As it has been designed and interpreted, section 1981 does not provide a federal remedy for such a claim. Accordingly, the court finds that Count X does not state a claim for a violation of section 1981.

Finally, plaintiffs, in their brief and affidavit, claim that Cairo and Sportmart are also

---

**2.** Although in the Civil Rights Act of 1991 Congress overruled *Patterson* to the extent that *Patterson* held that section 1981 reached only discrimination in the "making and enforcement" of contracts, Congress left the remainder of *Patterson's* holding undisturbed. *E.g., Spencer,* 839 F.Supp. at 1019 n. 1.

liable under section 1981 for failure to hire Sterling Jr. and for depriving him of his property. No such claims were raised in plaintiffs' complaint and, therefore, the court will not consider those claims in ruling on these motions

Because plaintiffs have failed to allege that Cairo's conduct concerned any of the activities enumerated in section 1981, the court finds that plaintiffs have failed to allege a claim for violation of section 1981. Thus, the court dismisses Counts IX and X of the complaint.

## C. Claims based on Illinois law

As previously discussed, Counts I, IX and X are the only federal claims asserted by plaintiffs in this federal question case. For the above reasons, the court has dismissed all of those claims The only claims remaining before the court are the claims based on Illinois law.

■■■ A district court may decline to exercise jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In determining whether to hear state claims after all federal claims have been dismissed, the court must consider several factors, including judicial economy, convenience, and fairness to the litigants. *See United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139–40, 16 L.Ed.2d 218 (1966). "In an ordinary case of supplemental jurisdiction, the presumption is in favor of relinquishment when the claim that is within the original jurisdiction of the district court was dismissed before trial." *Alonzi v. Budget Constr. Co.,* 55 F.3d 331, 334 (7th Cir.1995).

■■■ In this case, the weight of the factors is against exercising supplemental jurisdiction over the state law claims. The court is not aware of any unfairness or inconvenience to the parties that would result from dismissing this case and allowing it to proceed in state court. Further, the interest in judicial economy mandates that the court decline to hear this case because the federal resources should not be directed at resolving cases involving only state law claims. Illinois courts are the more appropriate forum for resolving this case, which involves because the federal resources should not be directed at resolving cases involving only state law claims. Illinois courts are the more appropriate forum for resolving this case, which involves primarily Illinois parties, claims that arise under Illinois state law, and an event that took place in Illinois. Therefore, the court declines to exercise supplemental jurisdiction over the remaining state law claims and dismisses those claims without prejudice.

## III. CONCLUSION

For the above reasons, the court grants defendants Officer W. Kazmierczak and the Village of Orland Park's and defendants Marcel Cairo and Sportmart, Inc.'s motion to dismiss plaintiffs Jerome J. Sterling, Jr. and Jerome Sterling, Sr.'s first amended complaint. Accordingly, Counts I, IX and X are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) and counts II, III, IV, V, VI, VII, and VIII are dismissed pursuant to 28 U.S.C. § 1367(c)(3). Accordingly, this case is dismissed as to all defendants. Plaintiffs may pursue their state law claims in state court.