151 F.3d 1032
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ernest F. ALBIERO, Plaintiff-Appellant,
v.
CITY OF KANKAKEE, et al., Defendants-Appellees.
 No. 97-2759, 97-2833, 97-3227.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 11, 1998*.
Decided June 16, 1998.
 
 Appeals from the United States District Court for the Central District of Illinois. Nos. 96-2189 et al. Harold A. Baker, Judge.
 Before Hon. RICHARD A. POSNER, Chief Judge, Hon. FRANK H. EASTERBROOK, Hon. DANIEL A. MANION, Circuit Judges.
 
 Order
 
 1
 These three appeals, together with Albiero v. Kankakee, 122 F.3d 417 (7th Cir.1997), reveal a pattern: dissatisfied with the enforcement of housing regulation in Kankakee, landlord Ernest Albiero sues everyone in sight every time the city takes any action, whether it be a housing inspection or the denial of a building permit. "Everyone in sight" includes, in these three cases consolidated for appeal, the City, one of its aldermen, an assistant corporation counsel, the persons who conducted the inspections, and the state judge who issued the warrants authorizing the inspections. The district court dismissed all three suits and, after discovering that objections to the inspection of one particular parcel figured prominently in two of the three suits, issued an injunction curtailing further litigation on his behalf.
 
 
 2
 Albiero's brief on appeal is long on bluster but short on legal citations and analysis. The district court's opinions set out both Albiero's claims and the applicable law; we affirm for the reasons given in these opinions, with two exceptions.
 
 
 3
 First, Albiero's brief contends that Frank Ferro searched premises that were not specified in the inspection warrant. The district judge did not address this claim, for the good reason that it does not appear in the complaint. The warrant authorizes a search of the premises at "657-657 1/2 Hobbie, Kankakee, IL", and these are the buildings that Ferro is alleged to have inspected. Apparently Albiero believes that the warrant is invalid because Ferro's affidavit in support of the application for the warrant describes the premises as "unoccupied", which is only partly true. There are two buildings (one at each address), each with two apartments. According to the complaint, two of the four apartments were unoccupied at the time, and the other two had tenants. Errors of this kind in affidavits do not vitiate warrants. See Franks v. Delaware, 438 U.S. 154, 171-72 & n. 8, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Occupancy may matter for purposes of state or local law, but it is irrelevant to the fourth amendment. Albiero's further contention that Ferro entered the occupied units without proper announcement (and without leaving copies of the warrant) are irrelevant to this suit. That Ferro may have violated the tenants' privacy rights does not permit Albiero to recover on a claim that Ferro violated his property rights as the landlord. The tenants are not plaintiffs.
 
 
 4
 Second, the injunction against further litigation seems to us premature. Albiero has filed only four suits, and although each is frivolous injunctive relief should be reserved for more aggravated abuse of the judicial process. The district judge denied the defendants' request for sanctions under Fed.R.Civ.P. 11. Although the judge gave no reasons for these decisions, they imply that the judge believed that the suits had some basis in law or fact. It is hard to reconcile the denial of the Rule 11 motions with the injunction to control new suits. Because Albiero appears to be solvent, financial sanctions under Rule 11 should be the first step. Only if Albiero does not pay, or if Rule 11 sanctions do not curtail his abuse of the legal process, should additional steps be taken. See Homola v. McNamara, 59 F.3d 647 (7th Cir.1995); Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir.1995).
 
 
 5
 On appeal Nos. 97-2759 and 97-2833, the judgments are affirmed. On appeal No. 97-3227 the injunction against further litigation is vacated, but the judgment is otherwise affirmed.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeals are submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)