Tiffany ROGERS, Individually and as the parent of Justice Rogers and Christopher Rogers, Justice Rogers, by and through his next friend Tiffany Rogers, Christopher Rogers, by and through his next friend Tiffany Rogers, Howard Rogers, Individually and as the parent of Justice Rogers and Christopher Rogers, Plaintiffs,

v.

Angela ELLIOTT, David Baskin, Bill Gene Wilbanks, and Wal–mart Stores, Inc., Defendants.

No. CIV.A.1:99CV2318CAP.

United States District Court,
N.D. Georgia,
Atlanta Division.

Feb. 12, 2001.

Thomas F. Cuffie, Cuffie & Associates, Atlanta, GA, Earnest Redwine, Jr., Quinton Spencer Seay, Thomas Means Gillis & Seay, Atlanta, GA, for plaintiffs.

Donald Ray Foster, Kenneth Paul Robin, Foster & Foster, Jonesboro, GA, William C. Joy, Office of State Attorney General, Atlanta, GA, for movant.

Howard M. Lessinger, McLain & Merritt, Atlanta, GA, William Anthony Moss, McLain & Merritt, Aileen R. Page, Atlanta, GA, for defendants.

## ORDER

PANNELL, District Judge.

The plaintiffs filed the instant action, alleging that the defendants violated their civil rights under 42 U.S.C. § 1981, and alleging several state law claims including assault, battery, false imprisonment, intentional infliction of emotional distress, negligent hiring, training, supervision and retention, and loss of consortium. The plaintiffs also seek attorney's fees under 42 U.S.C. § 1988. This matter is now before the court on the defendants' motion for summary judgment [Doc. No. 22–1]. Angela Elliot, however, does not join the other defendants in their motion for summary judgment. She has not filed an answer and there has been no appearance of counsel on her behalf. More importantly, there is no entry on the court's docket that indicates the plaintiffs ever effected service on Ms. Elliot. Because the plaintiffs did not effect service of process on Ms. Elliot within 120 days of filing the complaint, the court DISMISSES the complaint against Ms. Elliot pursuant to Local Rule 41.2B without prejudice.

## I. FACTUAL DISCUSSION

On March 7, 1999, Tiffany Rogers and her sons Justice and Christopher Rogers visited the Wal–Mart store located at 7050 Georgia Highway 85, Riverdale, Georgia. After shopping for awhile, Ms. Rogers proceeded to the checkout to purchase several items. While at the checkout, Ms. Rogers told her sons they could pick a treat from an area near the checkout. The treats picked out by Justice and Christopher were scanned by the cashier, Felesia Coaxum. After she scanned the items, Ms. Coaxum gave them back to the boys to hold. Then, as Christopher walked forward in the checkout line with the treat, Angela Elliott, a cashier in another checkout line, and not involved in Ms. Rogers' transaction, allegedly yelled, "Hey, get over here, boy, and pay for this candy." Ms. Rogers told Ms. Elliott that she had already paid for the candy. After Ms. Rogers completed her purchase, Ms. Elliott followed Ms. Rogers and her sons as they walked to the exit and allegedly said, "Hey Bitch, have a nice day." Ms. Rogers began looking for a manager to report Ms. Elliott's conduct. It was at this point that Ms. Elliot allegedly attacked Ms. Rogers, punching, scratching and pulling her hair while calling her a "stealing nigger" and a "bitch."

## II. LEGAL DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment when all "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." The party seeking summary judgment bears

the burden of demonstrating that no dispute as to any material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 156, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *see also Johnson v. Clifton,* 74 F.3d 1087, 1090 (11th Cir.1996). The moving party's burden is discharged merely by " 'showing'—that is, pointing out to the District Court that there is an absence of evidence to support [an essential element of] the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In determining whether the moving party has met this burden, the district court must view the evidence and all factual inferences in the light most favorable to the party opposing the motion. *See Clifton,* 74 F.3d at 1090. Once the moving party has adequately supported its motion, the nonmovant then has the burden of showing that summary judgment is improper by coming forward with specific facts showing a genuine dispute. *See Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In deciding a motion for summary judgment, it is not the court's function to decide issues of material fact but to decide only whether there is such an issue to be tried. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The applicable substantive law will identify those facts that are material. *See Anderson,* 477 U.S. at 247, 106 S.Ct. at 2510. Facts that in good faith are disputed, but which do not resolve or affect the outcome of the case, will not preclude the entry of summary judgment as those facts are not material. *See Id.*

Genuine disputes are those by which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *See Id.* In order for factual issues to be "genuine" they must have a real basis in the record. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1356. When the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." *Id.* (citations omitted).

## A. *The Plaintiffs' Section 1981 Claims*

▮ Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). This section further provides that the phrase " 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To establish a claim under Section 1981, a plaintiff must show the following: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerns one or more of the activities enumerated in the statute. *See Harry v. Marchant,* 237 F.3d 1315, 1321–22 (11th Cir.2001).

▮ There is no dispute that the plaintiffs, African–Americans, are members of a racial minority. There is, however, disagreement over the second two prongs. Assuming without deciding that the plaintiffs satisfy the second prong, the court finds that the plaintiffs cannot show a genuine issue of material fact exists as to whether the alleged discrimination con-

cerns one or more of the activities enumerated in Section 1981. The "enumerated activity" implicated in this case is the right to "make and enforce contracts."

■ The defendants contend that the plaintiffs' Section 1981 claim fails because the plaintiffs were not denied the right to make and enforce any contracts. The defendants point out that Ms. Rogers had completed her purchase at the time of her altercation with Ms. Elliott. The plaintiffs counter that the defendants' definition of "make and enforce contracts" is too narrow and should include any intentional racial discrimination that prevents the plaintiffs from engaging in economically significant activity, i.e. shopping at Wal–Mart. The court finds that under either definition, the plaintiffs' Section 1981 claim fails. Virtually all federal courts that have analyzed Section 1981 claims in the retail merchandise context have required the plaintiff to show that he was actually prevented from making a purchase. *See e.g. Wells v. Burger King Corp.*, 40 F.Supp.2d 1366 (N.D.Fla.1998); *see also e.g. Stevens v. Steak n Shake, Inc.*, 35 F.Supp.2d 882 (M.D.Fla.1998); *see also e.g. Wesley v. Don Stein Buick, Inc.*, 42 F.Supp.2d 1192 (D.Kan.1999); *see also e.g. Sterling v. Kazmierczak*, 983 F.Supp. 1186 (N.D.Ill.1997). At the time of the altercation, Ms. Rogers and her sons had completed their purchase and finished "shopping at Wal–Mart." The court does not find that the plaintiffs were prevented from doing anything, except maybe leaving the store, which, at least in this case, is not a violation of Section 1981. Therefore, the defendants are entitled to summary judgment on the plaintiffs' Section 1981 claim.

**B.** *The Plaintiffs' Section 1988 Claims*

■ Section 1988 provides for the award of attorney's fees to a prevailing party in an action to enforce, inter alia, Section 1981. 42 U.S.C. § 1988(b). Because the court is granting the defendants' motion for summary judgment as to the plaintiffs' Section 1981 claims, the plaintiffs are not prevailing parties. Therefore, the plaintiffs are not entitled to attorney's fees under Section 1988 and the defendants are entitled to summary judgment on this claim.

**C.** *The Plaintiffs' State Law Claims*

The court has jurisdiction over the federal claims in this case based on 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims based on 28 U.S.C. § 1367. The court, having granted summary judgment to the defendant on all the plaintiffs' federal claims, declines to exercise supplemental jurisdiction over the plaintiffs' state law claims. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 349–350, 108 S.Ct. 614, 619, 98 L.Ed.2d 720 (1988) (holding that exercise of supplemental jurisdiction is at the discretion of the district court); *see also* 28 U.S.C. § 1367(c)(3).

**III. CONCLUSION**

For the foregoing reasons, the court hereby GRANTS the defendants' motion for summary judgment [Doc. No. 22–1] as to the plaintiffs' Section 1981 and Section 1988 claims; DECLINES to exercise pendent jurisdiction over the plaintiff's remaining state law claims; and DISMISSES Angela Elliott pursuant to Local Rule 41.2B without prejudice. While there are no claims remaining before this court, the plaintiffs may pursue their state law claims in state court.