144 F.3d 524
 73 Empl. Prac. Dec. P 45,439
 UNITED STATES of America, Plaintiff-Appellee,
v.
CITY OF MILWAUKEE, Arthur Jones, Chief of Police, City of
Milwaukee, Lawrence Gardner, Chief, City of
Milwaukee Fire Department, et al.,
Defendants-Appellees,
Appeal of: Scott CULVER, Proposed Intervenor.
 No. 97-3167.
 United States Court of Appeals,
Seventh Circuit.
 Argued April 22, 1998.
Decided May 19, 1998.
 
 Thomas P. Schneider, Office of the United States Attorney, Milwaukee, WI, Thomas E. Chandler (argued), Department of Justice, Civil Rights Division, Appellate Section, Marybeth Martin, United States Department of Justice, Washington, DC, for Plaintiff-Appellee.
 Grant F. Langley, Bruce Schrimpf, Thomas E. Hayes, Office of the City Attorney, Melanie R. Swank (argued), Milwaukee City Attorney's Office, Milwaukee, WI, for City of Milwaukee.
 Grant F. Langley, Office of the City Attorney, Milwaukee, WI, for Arthur Jones, Lawrence Gardner, August G. Erdmann, Woody Welch.
 Kimberly A. Sutherland (argued), Chicago, IL, for Scott Culver.
 Before POSNER, Chief Judge, CUMMINGS and RIPPLE, Circuit Judges.
 RIPPLE, Circuit Judge.
 
 
 1
 In this appeal, Scott Culver seeks review of the decision of the district court denying his motion to intervene. The underlying action was commenced by the United States in 1974 against the City of Milwaukee and it alleged that the City had discriminated against African Americans and women with respect to recruitment, hiring and promotion in the City's police force. Mr. Culver also appeals the district court's order modifying, temporarily, the hiring orders that it previously had entered on July 25, 1975, October 9, 1975, and September 16, 1976.
 
 
 2
 We dismiss the appeal for want of appellate jurisdiction. Because the district court has not made a final decision on the matter of Mr. Culver's intervention, we are without jurisdiction to hear his appeal. See 28 U.S.C. § 1291.[1] Furthermore, because, at this juncture, Mr. Culver is neither a party nor an intervenor, he cannot appeal the district court's underlying hiring order.[2]
 
 
 3
 * BACKGROUND
 
 A. The Underlying Litigation
 
 4
 As we have noted already, the United States commenced this action in 1974. The government alleged that the City of Milwaukee engaged in discriminatory policies and practices against African Americans and women with respect to recruitment, hiring and promotion in its police department. On July 25, 1975, October 9, 1975, and September 16, 1976, the district court entered orders regarding the City's employment practices ("old hiring orders"). These orders established hiring objectives for minorities and women. The old hiring orders further provided that they would remain in effect until further order of the court.
 
 
 5
 On September 27, 1996, twenty years after the last hiring order was entered, the United States filed a motion to modify the old hiring orders. It noted that there had been significant changes with respect to the law and to the facts since the earlier orders were entered. The City agreed that the old hiring orders should be modified but proposed an order that was slightly different from that proffered by the United States. In July 1997, while the district court had these modifications under advisement, the City had an immediate need to hire new police officers. The United States and the City therefore jointly moved for a temporary order that would vacate the old hiring orders and permit the City to hire a number of new officers. On July 29, 1997, the district court granted this joint motion and entered a temporary hiring order that vacated the old hiring orders. This order allowed the City to hire new police officers and established temporary hiring objectives tied to the percentage of women and minorities in the relevant labor market.
 
 
 6
 In October 1996, shortly after the United States filed its motion to modify the old hiring orders, Mr. Culver, then a class representative in a parallel action, moved to intervene. He asserted that, as a white male who had sought and who would seek employment with the Milwaukee Police Department, he has a direct and substantial interest in the district court's decision on the joint motion for temporary modification.[3]
 
 B. Holding of the District Court
 
 7
 The district court denied Mr. Culver's motion to intervene in this action. The court noted, specifically, that the denial was without prejudice and that its action was based on Mr. Culver's failure to comply with Federal Rule of Civil Procedure 24(c).[4] The court held that Rule 24(c) requires that a motion to intervene be accompanied by a pleading within the meaning of Federal Rule of Civil Procedure 7(a).[5] The court then invited Mr. Culver to "file a motion to intervene which complies with Rules 5, 7, and 24 of the Federal Rules of Civil Procedure." R. 33 at 2.
 
 II
 DISCUSSION
 A.
 
 8
 Mr. Culver submits that the district court erred in its denial of his motion to intervene. In his view, the motion was in compliance with Rule 24(c). He claims that, along with his motion to intervene, he filed a motion to strike the parties' motions to modify the old hiring orders as well as a supporting memoranda. In those submissions, Mr. Culver urged that no orders should be entered in this case because this case was "closed" and because the parties' proposed quota hiring was illegal. Noting that the requirements for a proposed pleading under Rule 24 should not be hypertechnical, see Piambino v. Bailey, 757 F.2d 1112, 1121 (11th Cir.1985),[6] cert. denied, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 976 (1986), Mr. Culver argues that these pleadings were sufficient to satisfy the requirements of Rule 24(c).
 
 
 9
 Mr. Culver further argues that he has satisfied the requirements for intervention under Rule 24. See B.H. by Pierce v. Murphy, 984 F.2d 196, 200 (7th Cir.) (setting forth four requirements for intervention: timely application, an interest relating to the subject matter of the litigation, potential impairment of that interest by disposition of the action and lack of adequate representation of the interest by the existing parties), cert. denied, 508 U.S. 960, 113 S.Ct. 2930, 124 L.Ed.2d 680 (1993). In his view, he remains the class representative for white male applicants in LEOCARD and therefore has a direct and substantial interest in the issues involved in the current litigation--namely, the right of the class members to be afforded equal opportunity for employment without regard to race and sex. In addition, he submits, white male applicants are not adequately represented in this litigation because both of the existing parties are seeking to perpetuate race- and sex-based hiring quotas.
 
 B.
 
 10
 We need not, indeed we cannot, resolve all of the issues that Mr. Culver would like us to resolve at this time. As this case comes to us, we can address only a single and threshold question: Whether the district court's order denying Mr. Culver's intervention can now be reviewed by this court. Because we believe that the decision of the district court was not a final decision, we lack the authority to review it.
 
 
 11
 We have noted that an order denying a party's motion to intervene is not "conventionally final" because it does not "wind up the suit in the district court." See Williams v. Katz, 23 F.3d 190, 191 (7th Cir.1994). It is well established, however, that a party whose motion to intervene has been denied may take an immediate appeal. See Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R., 331 U.S. 519, 524, 67 S.Ct. 1387, 91 L.Ed. 1646 (1947). In fact, a proposed intervenor must appeal from the denial of his motion to intervene within 30 days of that denial and may not await final judgment in the underlying action. See SEC v. Wozniak, 33 F.3d 13, 14-15 (7th Cir.1994). This "special rule" of finality is based on the fact that the proposed intervenor, having been denied the status of a party, will never be able to appeal in the underlying action unless the order denying intervention is first reversed. See Brotherhood of R.R. Trainmen, 331 U.S. at 524, 67 S.Ct. 1387; Williams, 23 F.3d at 191. In other words, despite the fact that an order denying intervention is not final with respect to all parties and all claims, the order is final with respect to the proposed intervenor. Nonetheless, in order to be immediately appealable, an order denying a motion to intervene must be truly final with respect to the proposed intervenor--that is, the order must rule definitively on the party's participation in the litigation before the district court.
 
 
 12
 In this case, the district court's denial for failure to comply with the requirements of Rule 24 was, explicitly, without prejudice.[7] The district court plainly expressed its intent not to reach the merits of the motion to intervene until it was properly presented.[8] This decision by the district court did not resolve definitively whether Mr. Culver ought to be allowed to intervene in this litigation and is therefore not a final decision within the meaning of 28 U.S.C. § 1291. See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 594 n. 11 (7th Cir.1993);[9] see also J.I. Case Credit Corp. v. First Nat'l Bank, 991 F.2d 1272, 1275 (7th Cir.1993) (stating that a dismissal without prejudice is generally not final and appealable). Indeed, the record establishes that the district court expressly held that Mr. Culver could refile his motion in compliance with Rule 24(c).[10] See Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership, 845 F.2d 674, 676 (7th Cir.1988) (holding that an order dismissing without prejudice and expressly permitting refiling does not constitute a final decision). Moreover, there is no indication here that the district court was of the view that no refiling could cure the defect that it had noted in Mr. Culver's first submission. Cf. Bieneman v. City of Chicago, 838 F.2d 962, 963 (7th Cir.1988) ("Bieneman's case has not ended, however, given the district court's express identification of this issue as one needing resolution."). Notably, at the time it denied Mr. Culver's motion, the district court also denied the motion of the Latino Police Officer's Association ("LPOA") to intervene. The court's reason for this denial was identical to the one stated in Mr. Culver's case--failure to comply with Rule 24(c). LPOA subsequently refiled its motion, accompanied by a pleading, and its motion to intervene was granted.
 
 
 13
 Although none of the parties suggested the possibility, we also have examined whether the district court's ruling ought to be considered "final" by analogy to the treatment accorded a so-called "conditional dismissal" of a complaint. In The Three Friends, 166 U.S. 1, 17 S.Ct. 495, 41 L.Ed. 897 (1897), an admiralty case, the district court had entered an order specifying that the libel[11] was to stand dismissed unless amended within 10 days. The plaintiff, however, did not wait for the entry of final judgment and appealed the district court's order prior to the expiration of the 10 days. The defendant contended that the decision was nonappealable due to the lack of amendment or judgment. The Court rejected this argument and stated that the appeal itself "was an election to waive the right to amend and the decree of dismissal took effect immediately." Id. at 49, 17 S.Ct. 495.
 
 
 14
 Although it questioned the continuing vitality of the rationale of The Three Friends,[12] this court recently allowed an appeal under similar circumstances. See Albiero v. City of Kankakee, 122 F.3d 417, 418-20 (7th Cir.1997). In Albiero, the district court dismissed Albiero's complaint with prejudice for failure to state a claim, but allowed him 21 days to file a new complaint. Like the plaintiff in The Three Friends, Albiero did not wait for the entry of final judgment, but filed a notice of appeal on the 15th day. Compounding the confusion, the district court refused the defendants' request to enter final judgment due to the erroneous belief that the notice of appeal prevented it from acting. This court began by noting that Albiero could have appealed after the 21st day despite the lack of a proper judgment. See Otis v. City of Chicago, 29 F.3d 1159 (7th Cir.1994) (en banc) (holding that conditional order of dismissal becomes final after the time to satisfy the condition has expired). Accordingly, on day 22, as long as Albiero had not yet filed a new complaint, the judgment would have become final notwithstanding the lack of a formal judgment. Thus, the only question remaining was whether Albiero's premature notice of appeal deprived the court of jurisdiction. This question did not detain the court long. Under Federal Rule of Appellate Procedure 4(a)(2), a notice of appeal filed after the court announces its decision but before final judgment is treated as filed on the date final judgment is entered. Therefore, the court treated the notice of appeal filed on day 15 as filed on day 22 and accepted jurisdiction over the appeal.
 
 
 15
 The circumstances of this case are substantially different from those in The Three Friends and Albiero. In those cases, the district court ruled on the merits of the plaintiff's offered pleadings and, finding the pleadings insufficient to state a claim upon which relief could be granted, announced its intention to dismiss the action if the plaintiff did not amend its pleadings within a set time frame. Therefore, in those cases, the district court stated an intent to enter a final judgment on a set date unless the plaintiff filed a new complaint prior to that date. See Albiero, 122 F.3d at 420. By contrast, in this case, the district court, going about the difficult task of managing complex litigation, announced no such intent with respect to Mr. Culver's motion to intervene. Instead, the district court's order merely stated, in essence, that it would not consider Mr. Culver's motion until it conformed to the procedural requirements of Rule 24(c). Given the history of this litigation and of Mr. Culver's participation in the related case, the district court's insistence that Mr. Culver "square corners" in his attempt to intervene in a case between the United States and the City of Milwaukee was a practical approach to case management. It is not a definitive adjudication of Mr. Culver's right to intervene and Mr. Culver cannot unilaterally transform it into such an order. Indeed, as noted earlier, this court has held that a decision denying intervention on strictly procedural grounds is not a final judgment when the district court expressly contemplates that the putative intervenor subsequently will file a procedurally correct motion. See Retired Chicago Police Ass'n, 7 F.3d at 594 n. 11 (7th Cir.1993). Accordingly, this case is distinguishable from The Three Friends and Albiero[13] and is controlled by our prior holding in Retired Chicago Police Association.
 
 
 16
 Therefore, the district court's order denying Mr. Culver's motion to intervene without prejudice is not a final judgment and we are without jurisdiction to hear Mr. Culver's appeal. In reaching this result, we emphasize that, in accord with this court's prior precedent, see supra note 7, we do not accord talismanic importance to the fact that the district court denied Mr. Culver's motion to intervene "without prejudice." Instead, we look to the totality of the circumstances in determining that the district court's order in this particular case is not final.[14]
 
 C.
 
 17
 Because Mr. Culver's motion for intervention was denied, he is not a party to this case and cannot appeal at this time the district court's temporary order modifying the old hiring orders. We have recognized repeatedly that, until a movant for intervention is made a party to an action, it cannot appeal any orders entered in the case other than an order denying intervention. See Retired Chicago Police Ass'n, 7 F.3d at 596 n. 14; United States v. City of Chicago, 908 F.2d 197, 200 (7th Cir.1990), cert. denied, 498 U.S. 1067, 111 S.Ct. 783, 112 L.Ed.2d 846 (1991).
 
 Conclusion
 
 18
 The district court entered an order that is not final and, indeed, anticipates, as a practical matter, further consideration by the district court of the very issue that Mr. Culver asks us to resolve now. Therefore, there is no final decision for our review. Accordingly, the appeal is dismissed for want of appellate jurisdiction.
 
 
 19
 APPEAL DISMISSED.
 
 
 
 [1]
 A motions panel of this court previously denied a motion to dismiss filed by the City of Milwaukee and the United States. Those parties renewed their contention before us after full briefing and we are free to revisit the issue. See Dellwood Farms, Inc. v. Cargill, Inc., 128 F.3d 1122, 1124 (7th Cir.1997); Johnson v. Burken, 930 F.2d 1202, 1205 (7th Cir.1991). "Decisions by motions panels are summary in character, made often on a scanty record, and not entitled to the weight of a decision made after plenary submission." Johnson, 930 F.2d at 1205
 
 
 [2]
 Since the filing of his motion for intervention, Mr. Culver has secured a position in the Chicago Police Department. It is not clear from the record before us whether this development renders moot Mr. Culver's participation in this litigation. That matter ought to be decided in the first instance by the district court. We express no opinion on the merits of this issue
 
 
 [3]
 In order to provide a complete picture of the situation before the district court when it ruled, we shall describe briefly the other litigation that is part of the backdrop to this litigation. Mr. Culver's motion to intervene noted that he was a plaintiff and class representative in another case pending in the Eastern District of Wisconsin, Law Enforcement Officers' Coalition Against Reverse Discrimination, Inc. & Culver v. City of Milwaukee ("the LEOCARD case"), No. 93 C 189. In that case, filed on February 25, 1993, the plaintiffs alleged that they were victims of "reverse discrimination" as a result of the City's hiring and promotional practices. On January 31, 1995, the district court (Evans, J.) certified the LEOCARD case as a class action. However, on November 15, 1995, the court (Curran, J.), sua sponte, notified the parties by order that it would reconsider the class certification order. The case was later transferred to the judge presiding over the 1974 suit brought by the United States (Reynolds, J.)
 Counsel informs us that, after the district court denied Mr. Culver's intervention in this case because his requests did not conform to the procedural requirements of the Civil Rules, the following activity occurred in the LEOCARD case. Judge Reynolds, in an order dated August 27, 1997, directed Mr. Culver to file a renewed motion for class certification "with appropriate supporting documents as required by Rule 23." On October 10, 1997, the district court denied Mr. Culver's motion to vacate the August 27, 1997, order and held further that "on the present record, ... there is no certified class."
 In December 1997, Mr. Culver moved to withdraw his individual claim in the LEOCARD case. He asserted that his individual claim was moot because he had obtained employment as a Chicago Police Officer. He then moved for judgment under Rule 54(b) of the Federal Rules of Civil Procedure and reserved his right to appeal the October 1997 order finding that there was no certified class. On December 12, 1997, the district court entered an order granting Mr. Culver's motion to withdraw his individual claim and dismissing all claims asserted by him. The district court declined to enter judgment pursuant to Rule 54(b) and noted that it had "given Culver an opportunity to file a renewed motion for class certification with the necessary supporting documents, which was not done." In his opening brief before us in this appeal, Mr. Culver states that he will appeal the issue of class certification in the LEOCARD case when final judgment is entered. Finally, on March 31, 1998, the district court (Adelman, J.), upon agreement of all remaining parties, dismissed the LEOCARD case. In that same order, the court granted LEOCARD's
 motion to intervene in this case.
 
 
 [4]
 Federal Rule of Civil Procedure 24(c) provides in part:
 (c) Procedure. A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought....
 
 
 [5]
 Federal Rule of Civil Procedure 7(a) provides:
 (a) Pleadings. There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.
 
 
 [6]
 In Piambino, the Eleventh Circuit held that papers which spelled out a proposed intervenor's position on the propriety of an injunction were sufficient. See 757 F.2d at 1121
 
 
 [7]
 We note that this court has not accorded talismanic importance to the fact that a complaint, or in this case a motion, was dismissed "without prejudice." In fact, under "special circumstances," a complaint dismissed without prejudice nonetheless may satisfy the final judgment rule. Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd. Partnership, 845 F.2d 674, 676 (7th Cir.1988). "That exception applies when it is clear that the court below found that the action could not be saved by any amendment of the complaint which the plaintiff could reasonably be expected to make." Id. (internal quotations omitted); see also Eberhardt v. O'Malley, 17 F.3d 1023, 1024 (7th Cir.1994); Farrand v. Lutheran Bhd., 993 F.2d 1253, 1254 (7th Cir.1993); Rothner v. City of Chicago, 929 F.2d 297, 299-300 (7th Cir.1991); Willhelm v. Eastern Airlines, Inc., 927 F.2d 971, 972 & n. 1 (7th Cir.1991); LeBeau v. Taco Bell, Inc., 892 F.2d 605, 609 (7th Cir.1989); F. & H.R. Farman-Farmaian Consulting Eng'rs Firm v. Harza Eng'g Co., 882 F.2d 281, 283 (7th Cir.1989), cert. denied, 497 U.S. 1038, 110 S.Ct. 3301, 111 L.Ed.2d 809 (1990); Ordower v. Feldman, 826 F.2d 1569, 1572 (7th Cir.1987). This exception, however, does not apply to this case; the district court specifically invited Culver to file a second motion for intervention accompanied by a proper pleading
 
 
 [8]
 We note in passing that Mr. Culver's characterization of this circuit's approach to compliance with Rule 24(c) as hypertechnical is incorrect. We have stated explicitly that "we do not take an inflexible view of this rule." See Retired Chicago Police Ass'n v. City of Chicago, 7 F.3d 584, 595 (7th Cir.1993); Shevlin v. Schewe, 809 F.2d 447, 450 (7th Cir.1987). Nonetheless, the decision "[w]hether to permit a procedurally defective motion to intervene is within the sound discretion of the district court." Retired Chicago Police Ass'n, 7 F.3d at 595. We therefore shall not second-guess the trial court when its decision is in conformity with governing legal principles and, in terms of the facts of the case, within the range of options from which one would expect a reasonable trial judge to select. See American Nat'l Bank & Trust Co. of Chicago v. Regional Transp. Auth., 125 F.3d 420, 431 (7th Cir.1997)
 
 
 [9]
 In Retired Chicago Police Association, this court, in fulfilling its responsibility to investigate adequately the basis of its jurisdiction, held that the putative intervenors in that case should be permitted to appeal the denial of intervention as part of the appeal of the final judgment in the case. See 7 F.3d at 594 n. 11. We held that, although the denial of a motion to intervene is usually a final decision that must be appealed immediately, see B.H. by Pierce v. Murphy, 984 F.2d 196, 199 (7th Cir.1993), the "particular circumstances" of that case made it clear that the district court did not consider the denial to be a final ruling on the matter of intervention because it contemplated that the putative intervenors would immediately conform their pleadings to the court's rulings. Likewise, the district court's ruling in this case clearly indicates that the court did not consider the denial of Mr. Culver's motion to be a final ruling on the matter of intervention, but instead contemplated that Mr. Culver would refile his motion in compliance with Rule 24(c)
 
 
 [10]
 The district court stated: "Scott Culver ... may, if [he] choose[s] to do so, serve and file a motion to intervene which complies with Rules 5, 7, and 24 of the Federal Rules of Civil Procedure." R. 33 at 2
 
 
 [11]
 Prior to 1966, the libel served as the initiatory pleading in admiralty actions, corresponding to the complaint
 
 
 [12]
 The court stated:
 Current rules make it impossible to carry forward the rationale of The Three Friends. Litigants no
 longer "elect" when the decision takes effect. Civil Rule 58 specifies how, by whom, and when, a final judgment will be entered. Notices of appeal do not play any role in its operation. Appellate Rule 4(a) makes it clear that a prejudgment notice of appeal does not halt proceedings in the district court and make "final" whatever has been accomplished so far, or surrender the opportunity to persuade the district court to reconsider; to the contrary, a premature notice of appeal is suspended while the district court finishes the matters at hand.
 Albiero v. City of Kankakee, 122 F.3d 417, 420 (7th Cir.1997).
 
 
 [13]
 Similarly, the circumstances in this case are different from those addressed by this court in Otis v. City of Chicago, 29 F.3d 1159 (7th Cir.1994) (en banc). In Otis, we held that a conditional order of dismissal becomes final after the time to satisfy the condition has expired. Like Albiero, the district court judge in Otis determined that dismissal was appropriate unless the plaintiff complied with the conditions set by the court before a certain date. By contrast, the district court in this case made no determination about the fate of Mr. Culver's motion, but instead merely deferred consideration of that motion until it conformed to the procedural requirements of Rule 24(c)
 
 
 [14]
 We recognize, therefore, that there may be cases in which a district court's denial of a motion to intervene "without prejudice" constitutes a final and appealable order. For example, the circumstances would be different if a district court denied a motion to intervene on the ground that the putative intervenor's interests were adequately protected by the existing parties but entered the denial "without prejudice" in recognition of the fact that the circumstances of the case may change such that intervention at a later date would be appropriate. Cf. San Francisco N.A.A.C.P. v. San Francisco U.S.D. Bd. of Educ., 33 F.3d 59 (9th Cir.1994) (accepting jurisdiction over putative intervenor's appeal of district court's order denying intervention without prejudice in which district court reached the merits of the motion and ruled that, absent unforeseen changes in the underlying action, intervention would not be allowed). Such a decision on the merits of a motion to intervene would present the court with a very different set of circumstances from those we encounter today