U.S. EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION, Plaintiff,

v.

ILLINOIS DEPARTMENT OF
EMPLOYMENT SECURITY,
Defendant.

No. 98 C 2196.

United States District Court,
N.D. Illinois,
Eastern Division.

June 2, 1998.

Jean Powers Kamp, John C. Hendrickson, Gregory M. Gochanour, Equal Employment Opportunity Commission, Chicago, IL, for U.S. Equal Employment Opportunity Commission.

Richard S. Grenvich, Illinois Dept. of Employment Security, Chicago, IL, for Illinois Dept. of Employment Security.

Kathleen Mulligan, John T. Ronche, Gardner, Carton & Douglas, Chicago, IL, for Stampede Meat, Inc.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court are two motions filed by non-party Stampede Meat, Inc. ("Stampede"). These are (1) Stampede's emergency motion to intervene pursuant to Federal Rule of Civil Procedure 24 and (2) Stampede's emergency motion to amend the court's order of April 22, 1998. For the reasons that follow, the court denies both of Stampede's motions.

## I. BACKGROUND

The United States Equal Employment Opportunity Commission ("the EEOC") is currently investigating a Charge of Discrimination filed by Clarence Davidson. (Stampede Meat, Inc.'s Emergency Mot. To Intervene (hereinafter "Stamp.'s Mot.") ¶ 1.) In his charge, Davidson alleges that Stampede failed to hire him and other African American applicants because of their race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). (Stamp.'s Mot. ¶ 5; Pl.'s Application for Order To Show Cause Why Subpoenas Should Not Be Enforced (hereinafter "Pl.'s App.") at 2.)

On October 1, 1997, the EEOC served two subpoenas on the Illinois Department of Employment Security ("the IDES"), a state agency which referred job applicants to Stampede. (Pl.'s App. at 2.) The first subpoena required the IDES to produce "all applications for Stampede Meat, and all referral letters." (Id. Ex. A.) The second subpoena required the IDES to provide the "testimony of Rosa Flores," an IDES employee. (Id. Ex. B.) The IDES refused to comply with the subpoenas, explaining that it would only do so if ordered by a court. (Id. at 2.)

On April 9, 1998, the EEOC filed an "Application To Show Cause Why Subpoenas Should Not Be Enforced." (Id.) The EEOC requested this court to compel the IDES to comply with the subpoenas. (Id. at 3.) The court has jurisdiction to order such compliance pursuant to section 710 of Title VII, 42 U.S.C. § 2000e–9, which incorporates section 11 of the National Labor Relations Act, 29 U.S.C. § 161.

On April 22, 1998, the court granted the EEOC's motion for an order enforcing the subpoenas. (Ct.'s Order of April 22, 1998.) The court ordered the documents to be produced no later than May 22, 1998. (Id.) On April 30, 1998, non-party Stampede filed two motions: (1) an emergency motion to intervene and (2) an emergency motion to amend the court's order of April 22, 1998. The court addresses each of these motions in turn.

## II. DISCUSSION

### A. Stampede's motion to intervene

#### 1. Intervention as a matter of right under Rule 24(a)(2)

Stampede's first motion is a motion to intervene in this enforcement proceeding. Stampede argues that it is entitled to intervene as a matter of right in this action pursuant to Federal Rule of Civil Procedure 24(a)(2) ("Rule 24(a)(2)").[1]

■ In pertinent part, Rule 24(a)(2) provides:

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

FED. R. CIV. P. 24(a)(2). The proposed intervenor must meet the following four requirements in order to intervene pursuant to Rule 24(a)(2): "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate

representation of that interest by the existing parties to the action." *Reich v. ABC/York–Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir.1985). The court must deny the application for intervention if the proposed intervenor fails to satisfy any one of the above four requirements. *Reich*, 64 F.3d at 321; *36.96 Acres of Land*, 754 F.2d at 858.

In this case, the EEOC concedes that Stampede has satisfied the first requirement (timeliness) and the fourth requirement (inadequate representation). (EEOC's Resp. to Stampede Meat's Emergency Mots. To Intervene & Amend Order at 3 n. 1.) Thus, the issues before the court are whether Stampede has shown (1) an interest relating to the subject matter of the action and (2) potential impairment, as a practical matter, of that interest by the disposition of the action.[2]

#### a. Interest relating to the subject matter of the action

The first issue the court must decide is whether Stampede has a sufficient interest relating to the subject matter of the action. Stampede argues that it has an interest in the subject matter of the action pursuant to Rule 4.2 of the Northern District of Illinois Rules of Professional Conduct ("Rule 4.2"), which is commonly referred to as "the no-contact rule." N.D. ILL. R. PROF'L CONDUCT.[3]

---

**1.** Although the court notes that it is within its discretion to limit the application of the Federal Rules of Civil Procedure in this enforcement proceeding, the court will not do so because it has already spent a substantial amount of time deciding the novel issues raised in Stampede's motion for intervention. *See* FED R. CIV. P. 81(a)(3); *Donaldson v. United States*, 400 U.S. 517, 528, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); *EEOC v. Bay Shipbuilding Corp.*, 668 F.2d 304, 307–09 (7th Cir.1981).

**2.** The court notes that Stampede's motion for intervention was not "accompanied by a pleading setting forth the claim or defense for which intervention is sought." FED. R. CIV. P. 24(c). Consequently, the court would be entitled to deny Stampede's motion without prejudice for failure to comply with Rule 24(c). *See United States v. City of Milwaukee,* 144 F.3d 524, 525 (7th Cir.1998). However, in the interest of time and efficiency, the court will simply address the merits of Stampede's motion.

**3.** Rule 4.2 provides:

During the course of representing a client a lawyer shall not communicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by another lawyer in that matter unless the first lawyer has obtained the prior consent of the lawyer representing such other party or as may otherwise be authorized by law.

N.D. ILL R. PROF'L CONDUCT 4.2. The comment to rule 4.2 provides:

In the case of an organization, this Rule prohibits communications by a lawyer for one party concerning the matter in representation ... with any other person whose act or omission in connection with that matter may be imputed to the organization for purposes of civil or criminal liability or whose statement may constitute an admission on the part of the organization.

*Id.* cmt.

Specifically, Stampede argues that the EEOC may attempt to impute the actions or statements of IDES employees to Stampede and, thus, Stampede has a right to intervene to make sure that the EEOC complies with Rule 4.2.

As the Seventh Circuit recently noted, "the 'interest' required by rule 24(a)(2) has never been defined with particular precision." *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir.1995). The Supreme Court has defined the requisite interest as a "significantly protectable interest." *Donaldson*, 400 U.S. at 531, 91 S.Ct. 534. The Seventh Circuit has explained that a "significantly protectable interest" is a "direct, significant, legally protectable" interest, which is "something more than a mere 'betting' interest but less than a property right." *Security Ins. Co. of Hartford*, 69 F.3d at 1380–81 (citations omitted); *36.96 Acres of Land*, 754 F.2d at 858.

■ In order to determine whether the proposed intervenor has shown an interest sufficient to satisfy Rule 24(a)(2), the court must make a "highly fact-specific determination." *Security Ins. Co. of Hartford*, 69 F.3d at 1381. Because it is such a fact-specific determination, comparison to other cases is of limited value. *Id.*

In this case, the court finds that Stampede has failed to show that it has a sufficient interest in this enforcement proceeding for two reasons. First, the court finds an employer's interest in ensuring that the EEOC complies with Rule 4.2 is not a sufficient interest to justify intervention in an enforcement proceeding. Second, assuming that Rule 4.2 could give Stampede an "interest" in the enforcement proceeding, the court finds that Stampede has failed to show that Rule 4.2 is implicated under the facts of this case.

■ First, the court has determined that an employer's interest in ensuring that the EEOC complies with Rule 4.2 is not a "direct, significant, legally protectable" interest sufficient to satisfy the interest requirement of Rule 24(a)(2). The purpose of the Northern District's Rules of Professional Conduct ("the Rules") is to "provide a framework for the ethical practice of law." N.D.ILL. R.

PROF'L CONDUCT scope ¶ 2. A violation of Rule 4.2 is grounds for discipline. N.D. ILL. R. PROF'L CONDUCT preamble ¶ 2. However, a violation of Rule 4.2 does not give the opposing party a private cause of action against the violating attorney. There may be remedies to the aggrieved party within the context of litigation; however, those possible remedies for a violation that has yet to occur are is insufficient to constitute a "direct, significant, legally protectable" interest in the enforcement proceeding. Further, the mere interest in seeing that the EEOC complies with Rule 4.2 when interviewing employees and/or agents is certainly not a "direct, significant, legally protectable" interest in the enforcement proceeding.

There are strong policy reasons for finding that Rule 4.2 does not bestow upon an employer an interest sufficient to justify intervention in an EEOC enforcement proceeding. *See Solid Waste Agency of Northern Cook County v. U.S. Army Corps of Eng'rs*, 101 F.3d 503, 507 (7th Cir.1996) (explaining the Seventh Circuit's "commitment to keeping the scope of intervention of right within reasonable bounds"). First, EEOC enforcement proceedings are "'of a summary nature not requiring the issuance of process, hearing, findings of fact, and the elaborate process of a civil suit.'" *Bay Shipbuilding Corp.*, 668 F.2d at 310–11 (citing *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450, 451 (6th Cir.1941)); *see also EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 (7th Cir.1987). A finding that an employer could intervene in an EEOC enforcement proceeding in order to ensure that the EEOC complies with Rule 4.2 would open the door to a floodgate of motions for intervention, which would unduly complicate and delay the resolution of EEOC enforcement proceedings.

A finding that an employer could intervene in an EEOC enforcement proceeding in order to ensure that the EEOC complies with Rule 4.2 would also have detrimental effects on the EEOC's investigatory efforts. *See Donaldson*, 400 U.S. at 537, 91 S.Ct. 534. First, it would seem a rare case that an employer under investigation would not file an application to intervene in the enforcement proceeding, the result of which would

be to cause undue delay to the investigatory process. Further, allowing the employer to intervene allows the possibility for an employer to hamper and/or control the EEOC's investigation.

Finally, a finding that an employer could intervene in an EEOC enforcement proceeding in order to ensure that the EEOC complies with Rule 4.2 invites all sorts of mischief. For example, such a rule would open the door to the possibility of harassment or intimidation of employees, which affects not only the employee but the EEOC's investigatory efforts.

Accordingly, the court holds that an employer's interest in ensuring that the EEOC complies with Rule 4.2 is not a sufficient interest to satisfy Rule 24(a)(2). Thus, Stampede has failed to show that it has a direct, significant, legally protectable interest in the enforcement proceeding.

■ Assuming *arguendo* that an employer could intervene "to protect its rights" under Rule 4.2, the next issue would be whether Stampede has shown that Rule 4.2 is implicated under the facts of this case. The court determines that Stampede has not.

In its motion to intervene, Stampede argues that Rule 4.2 is implicated because the EEOC may attempt to impute to Stampede the acts, omissions, or statements of IDES employees if the EEOC brings an action against Stampede at a later date. Stampede, however, makes no argument as to how, and recites no facts from which the court could find that, the IDES (a state agency) and its employees are the agents of Stampede. In contrast, in its brief in response to Stampede's motion to intervene and amend the court's order, the EEOC states: "Employees of IDES are not agents of Stampede ...." (EEOC's Resp. at 10.) Further, there is nothing in the EEOC's application for the enforcement order from which the court could infer that the EEOC intends to impute the conduct and/or statements of IDES employees to Stampede.

In arguments before the court, Stampede's counsel repeatedly argued that the language of Rule 4.2 states that it applies to employees whose acts or admissions "may" be imputed to the organization. This language, however, cannot vitiate the proposed intervenor's burden to show more than "a purely theoretical possibility that the suit might impair an interest," *Solid Waste Agency of Northern Cook County,* 101 F.3d at 507, and "more than a mere 'betting' interest," *Security Ins. Co. of Hartford,* 69 F.3d at 1380. In this case, there are simply no allegations which would permit the court to find that IDES employees are reasonably likely to be found to be the agents of Stampede.

■ In arguments before the court, Stampede also "conceded" that there is a limited agency relationship between IDES and Stampede. The court was unable to ascertain exactly what this "limited agency relationship" was. However, that does not matter because the determination of whether an agency relationship existed "is a legal determination requiring the existence of certain factual elements." *Steinberg v. Mikkelsen,* 901 F.Supp. 1433, 1437 (E.D.Wis.1995). The factual elements are (1) a manifestation of consent that the principal will act for it; (2) a consent to act by the agent; and (3) subjection to the control of the principal. *Id.* (citing RESTATEMENT (SECOND) AGENCY § 1(1)). In this case, Stampede has made no showing of these factual elements and, thus, has made no showing that an agency relationship between IDES and Stampede existed.

In sum, Stampede has failed to show that the acts, omissions, or statements of IDES employees may be imputed to Stampede at a later date if the EEOC does bring an action against Stampede and, thus, that Rule 4.2 is implicated under the facts of this case. Accordingly, the court finds that Stampede has failed to show that it should be entitled to intervene to protect "its rights" under Rule 4.2.[4]

---

4. The court notes that there is authority for the proposition that the EEOC's investigation of a charge of discrimination falls within the exception to the no-contact rule where contact is permitted if "otherwise authorized by law." *See United States v. Teeven,* No. 90–503 LON, 1990 WL 599373, at *4 (D.Del. Sept. 28, 1990). However, the court need not reach that issue as it has decided that Stampede has failed to show that Rule 4.2 is implicated under the facts of this case.

### b. Potential impairment

Because Stampede has not shown a direct, significant, legally protectable interest, it follows that Stampede had failed to assert an interest that could be impaired or impeded by the enforcement proceedings. *American Nat'l Bank & Trust Co. of Chicago v. City of Chicago,* 865 F.2d 144, 147 (7th Cir.1989). However, assuming *arguendo* that Stampede has satisfied the "interest" requirement of Rule 24(a)(2), Stampede's motion to intervene still must be denied because it has failed to satisfy the impairment requirement.

■ "Impairment exists when the decision of a legal question ... would, as a practical matter, foreclose the rights of the proposed intervenor in the subsequent proceeding." *Shea v. Angulo,* 19 F.3d 343, 347 (7th Cir. 1994). "The possibility of foreclosure is measured by the standards of *stare decisis.*" *American Nat'l Bank & Trust,* 865 F.2d at 148.

■ In this case, the only determination the court must make is whether it must enforce the EEOC subpoenas. None of the issues that the court must decide to make that determination would have any *stare decisis* effect on any rights on Stampede if and when the EEOC decides to bring suit against Stampede. *See Tempel Steel Co.,* 814 F.2d at 485 (listing the three issues that the court must decide to determine whether a subpoena should be enforced); *see also infra* Part II.A.2 (listing out those requirements).

Stampede relies heavily on *Orlowski v. Dominick's Finer Foods, Inc.,* 937 F.Supp. 723 (N.D.Ill.1996), in arguing that it should be entitled to intervene under Rule 24(a)(2). Stampede is correct that *Orlowski* stands for the proposition that a party can either conduct informal interviews with the corporate defendant's employees or use statements from these individuals at trial, which would be admitted under Federal Rule of Evidence 801(d)(2)(D) ("Rule 801(d)(2)(D)"), but a party cannot do both of the above. *Id.* at 730. The corporate defendant must have consented to the communication with the employee before a statement obtained from the communication may constitute a binding admission. *Id.* The rationale behind this rule is that an employee cannot be an agent under Rule 801(d)(2)(D) but not be an agent under Rule 4.2. *Id.; see also B.H. v. Johnson,* 128 F.R.D. 659, 663 (N.D.Ill.1989).

While Stampede is correct in its interpretation of *Orlowski,* Stampede is incorrect in arguing that *Orlowski* provides a basis for Stampede to intervene in this action. *Orlowski* involves whether a party's statements can be admitted as binding admissions under Rule 801(d)(2)(D). If the EEOC decides to bring an action against Stampede and then tries to admit statements of Rosa Flores as admissions binding on Stampede, Stampede may make the appropriate argument at that time. Nothing that the court decides in this enforcement proceeding will foreclose Stampede from raising this argument. However, this enforcement proceeding is simply not the place for this argument.

### 2. Permissive intervention pursuant to Rule 24(b)(2)

Stampede's motion was brought pursuant to Rule 24(a)(2) and not pursuant to Rule 24(b)(2). However, even if Stampede's motion were brought pursuant to Rule 24(b)(2), the court would have denied that motion.

■ In pertinent part, Rule 24(b)(2) provides:

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

FED. R. CIV. P. 24(b)(2). To justify intervention under Rule 24(b)(2), the proposed intervenor must show (1) that there is a common question of law or fact and (2) that there is independent basis of jurisdiction over the intervenor's claim or defense. *Security Ins. Co. of Hartford,* 69 F.3d at 1381.

**790**

In this case, Stampede satisfies neither of the two above requirements. First, Stampede has asserted no claim or defense, only an "interest" in seeing that the EEOC complies with Rule 4.2. Stampede's purported interest has nothing in common with the issues before the court in this enforcement proceeding, that is to say, (1) whether the investigation is within the EEOC's authority; (2) whether the information sought is reasonably relevant; and (3) whether the subpoena is not too indefinite. *Tempel Steel Co.,* 814 F.2d at 485. Second, there is simply no independent basis for the court's jurisdiction over Stampede's asserted interest. Accordingly, Stampede would not have been successful if it had brought its motion pursuant to Rule 24(b)(2).

**B.  *Stampede's motion to amend the court's order of April 22, 1998***

For the reasons given above, the court has determined that Stampede is not entitled to intervene in this enforcement proceeding. Accordingly, the court denies Stampede's emergency motion to amend the court's order because Stampede does not have standing to make such a motion.

**III.  *CONCLUSION***

For the foregoing reasons, the court denies Stampede Meat, Inc.'s (1) motion to intervene pursuant to Federal Rule of Civil Procedure 24 and (2) motion to amend the court's order of April 22, 1998. The Illinois Department of Employment Security is ordered to comply with the court's order of April 22, 1998 no later than June 30, 1998.