In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 05-4200

KENNETH R. LAX,

*Plaintiff-Appellant*,

*v.*

CITY OF SOUTH BEND, *et al.*,

*Defendants-Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Indiana, South Bend Division.
No. 3:02-CV-621—**Robert L. Miller, Jr.**, *Chief Judge*.

_____

SUBMITTED MAY 3, 2006—DECIDED MAY 31, 2006

_____

Before POSNER, EASTERBROOK, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. This is a pro se suit against various state officials, charging violations of the plaintiff's civil rights. 42 U.S.C. § 1983. The district judge granted summary judgment for the defendants. Only one issue requires discussion, and that is whether the plaintiff has presented a genuine issue of material fact concerning the claim in his complaint that an officer of the county sheriff's department "violently, and without provocation, remov[ed him] from the [county] courthouse," where the plaintiff had appeared in connection with a speeding

charge, "caus[ing] plaintiff physical and psychological pain." The plaintiff submitted an affidavit in which he said he'd been "attacked" by the officer, who "threw [the plaintiff] out of the courthouse." The officer submitted an affidavit which stated that the plaintiff, mistakenly thinking he had a court date, had been cursing and screaming and the officer had ordered him to leave and had escorted him down the staircase to the exit with his hand on the plaintiff's elbow but no other use of force. If true, this "soft-hand control," as the officer described it, would not amount to a use of excessive force to effect the seizure of the plaintiff, and thus would not violate the plaintiff's constitutional rights. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004).

The district judge accepted the officer's version of what had happened, on the ground that it didn't really differ from the plaintiff's version. That is incorrect. If all the plaintiff had said in his affidavit was that he'd been "thrown out" of the courthouse, that would not imply any use of physical force—indeed, any physical contact—let alone excessive force. But in context the word "attacked" does connote such use; surely the officer would not describe what he did as "attacking" the plaintiff.

In his brief in this court the plaintiff elaborates his version of the incident, contending that the officer "ran up to [him] and grabbed him by the nape of his coat yelling, 'Boy, who the hell do you think you are, I'll take your ass to jail.' He continued to drag [the plaintiff] down the stairs of the courthouse rotunda until he got him to the entry door of the courthouse, where he shoved [him] in the back, pushing him out the door, and saying, 'Now boy, what do you think about that, don't come back!'" Had the district court dismissed the complaint for failure to state a claim, the factual elaboration in the brief, though not made under oath

and hence not evidence, would be permissible to indicate that in alleging that the defendant had "violently, and without provocation, remov[ed the plaintiff] from the [county] courthouse," the complaint stated a claim. E.g., *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997). The plaintiff would have demonstrated that if he proved certain facts consistent with his complaint, he would be entitled, at least prima facie (for the defendant might have good affirmative defenses), to relief. But once the case has moved beyond the pleading stage, the plaintiff cannot ward off an adverse judgment by asserting hypothetical facts. He needs evidence. Well, Lax had evidence—his affidavit. The affidavit was vague, and the district judge could have asked for more detail, but did not. What the judge could not properly do was equate vagueness to an absence of evidence, especially when the plaintiff, by indicating what he hoped to prove, made clear that the vagueness of his affidavit was not an acknowledgment that the officer had not used excessive force. The district judge thus erred in granting summary judgment for the officer, though in all other respects the decision is correct.

AFFIRMED IN PART,
REVERSED IN PART, AND REMANDED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*