**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3458
_____

YOU CHUN ZHENG,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-938-777)
Immigration Judge:  Honorable Susan G. Roy

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2010
Before: MCKEE, *Chief Judge*, HARDIMAN and COWEN, *Circuit Judges*

(Opinion filed: June 11, 2010)
_____

OPINION
_____

PER CURIAM

    You Chun Zheng ("Zheng"), a citizen of China, petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal from an Immigration Judge's

("IJ") decision denying his requests for asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT").  For the reasons that follow, we will deny the petition for review.

I

Zheng entered the United States in 2006 with a visitor's visa and stayed beyond the authorized period.  Before receiving a notice to appear, Zheng filed an application for asylum, withholding of removal, and CAT protection.  Before the IJ, Zheng conceded removability, and sought relief on the basis of an assault he endured when he tried to stop Chinese family planning authorities from taking his wife for a forced abortion.

Zheng testified that after his son was born in 1991, his wife was forcibly implanted with an IUD.  In 1994, during a routine checkup, family planning authorities discovered that the device had failed and Zheng's wife was pregnant.  The authorities subjected her to a forced abortion and fitted her with a new IUD.  In 1996, Zheng and his wife paid a private doctor to remove the IUD.  His wife became pregnant soon after, and the couple went into hiding with their son at the home of Zheng's sister-in-law.

Zheng testified that a few months after he and his family went into hiding, officials made an unannounced visit to the sister's home to check the household register.  They realized that Zheng's wife was pregnant in violation of China's family planning policy, and called family planning officials to the home.  Several family planning officials responded and insisted on taking Zheng's wife to the hospital to terminate the pregnancy.  Zheng pleaded for them to stop and, when they went for his wife, he defended her.  Zheng

2

stated in his I-589 that the officials pushed him to the ground, but testified before the IJ that he was beaten by several of the officials. His wife was taken and subjected to a second forced abortion and IUD implantation. Zheng testified that his family did not face any further problems with family planning officials after the second forced abortion.

The IJ denied relief, finding Zheng incredible based on several omissions and inconsistencies in his testimony and asylum application. The IJ further reasoned that, even if Zheng were credible, he failed to meet his burden of proof to qualify for asylum. The BIA agreed and dismissed Zheng's appeal. Zheng then filed a petition for review.

II

We have jurisdiction over the petition under 8 U.S.C. § 1252(a). Because the BIA issued its own opinion, we review its decision rather than that of the IJ. *See Li v. Att'y Gen.*, 400 F.3d 157, 162 (3d Cir. 2005). However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning. *See Chavarria v. Gonzalez*, 446 F.3d 508, 515 (3d Cir. 2006). We review agency factual determinations for substantial evidence, and we will uphold a factual determination "unless the evidence not only supports a contrary conclusion, but compels it." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted).

Because we agree that Zheng did not meet his burden of proof, even assuming his

credibility, we need not address the propriety of the adverse credibility determination.[1]

To demonstrate eligibility for asylum, an applicant must demonstrate that he suffered past persecution or that he has a well-founded fear of future persecution. *See Abdulrahman v. Ashcroft*, 330 F.3d 587, 591-92 (3d Cir. 2003). The Board held that Zheng did not demonstrate either requirement.

Zheng argued that he suffered persecution when Chinese officials beat him for attempting to stop them from taking his wife for a second forced abortion. An individual who suffers persecution for resistance to a coercive population control program is eligible for refugee status. *See Lin-Zheng v. Att'y Gen.*, 557 F.3d 147, 157 (3d Cir. 2009) (quoting 8 U.S.C. § 1101(a)(42)). However, for conduct to amount to persecution, it must be extreme. *See Fatin v. INS*, 12 F.3d 1233, 1243 (3d Cir. 1993). Physical abuse at the hands of officials which does not cause serious injury does not rise to the level of persecution. *See Voci v. Gonzales*, 409 F.3d 607, 615 (3d Cir. 2005). Here, Zheng testified that he was hit in the face by one official and then punched and kicked by others until he fell to the ground. He did not claim that the assault caused any serious injuries, and he was able to rush to the hospital afterwards to be with his wife. His scuffle with the authorities did not constitute persecution, so we agree that Zheng did not demonstrate his

---

[1] Evaluating Zheng's arguments against the adverse credibility determination may have proved a challenge. Among other things, Zheng's counsel requested that this Court "use its expertise in Chinese Mandarin language to evaluate" one aspect of his argument. Pet. Br. at 10.

eligibility for asylum based on past persecution.

Nor has he shown a well-founded fear of future persecution based on his resistance to China's family planning policies. To demonstrate eligibility for asylum based on a fear of future persecution, an applicant must demonstrate that he "has a genuine fear, and that a reasonable person in [his] circumstances would fear persecution if returned to [his] native country." *Abdulrahman*, 330 F.3d at 592. To satisfy the objective prong, a petitioner must show that he would be individually singled out for persecution or demonstrate a pattern or practice of persecution of similarly situated individuals. *Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir. 2005). Here, the IJ reasoned – and the BIA agreed – that Zheng failed to demonstrate that Chinese officials had any interest in him. Indeed, Zheng remained in China for nine years following his wife's second forced abortion, yet had no further problems with authorities. We are not compelled to disagree with the Agency's conclusion. Nor is there any basis in the record to conclude that a pattern or practice of persecution against individuals like Zheng exists in China.

Because Zheng was ineligible for asylum, we also agree that he was unable to meet the higher standard applicable to applications for withholding of removal. *See Sioe Tjen Wong v. Att'y Gen.*, 539 F.3d 225, 236-37 (3d Cir. 2008).[2] Accordingly, we will deny the

---

[2] The BIA reasoned that because Zheng did not contest the IJ's determination regarding his request for CAT relief, he waived that issue on appeal. We therefore lack jurisdiction to review the claim in Zheng's petition that he was entitled to such relief. *See Lin v. Att'y Gen.*, 543 F.3d 114, 120-21 (3d Cir. 114) ("a petitioner is deemed to have 'exhausted all administrative remedies,' . . . and thereby 'preserves the right of judicial

petition for review.

review,' . . . if he or she raises all issues before the BIA").