**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Albert J. MUICK, Defendant–Appellant.**

**No. 98–1315.**

United States Court of Appeals, Seventh Circuit.

Argued Dec. 2, 1998.

Decided Feb. 8, 1999.

Timothy A. Bass (argued), Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

Jon G. Noll, Richard Kim (argued), Springfield, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and BAUER and MANION, Circuit Judges.

MANION, Circuit Judge.

Albert Muick was convicted of receiving and possessing sexually explicit photos of minors on his computer. He challenges his conviction and sentence on the grounds that his right to counsel was violated, that there was insufficient evidence to support his conviction, and that the district court improperly imposed a sentence enhancement for distribution of child pornography. We affirm.

## I.

In 1994, before the Internet became prominent, Muick operated a computer with a modem.[1] Other persons with computers and modems would telephone his computer. The computer program Muick's computer ran would allow users to retrieve (or "download") graphic files, including child pornography,[2] from his computer, if they first sent (or "uploaded") graphic files to his computer. Muick called his computer set-up the Underground Bulletin Board System (UBBS). On September 8, 1994, Muick, through his computer, downloaded child pornography from a computer in Tijuana, Mexico. His credit card bill revealed a charge incurred by the company operating this Mexican computer bulletin board. Also, Muick's telephone records revealed a call made on this date to the Mexican computer. The records held by the Mexican computer revealed Muick's name, birth date, credit card number, address, and telephone number. They also revealed the files containing child pornography downloaded by Muick. Muick also downloaded child

pornography from the Tijuana computer on September 10 and 11, 1994.

On November 28, 1995, U.S. Customs agents obtained a search warrant for Muick's home and seized his computer and various computer-related items. Muick's computer contained about 700 images of child pornography, and among these files were the files downloaded from the Tijuana computer. In January 1996, Muick's attorney contacted the Customs Service and instructed Special Agent Glenn Eiden not to speak with Muick without the presence of counsel. He did this both through a telephone call and a letter. On February 6, 1997, more than a year later, Muick was indicted for three counts of receiving child pornography under 18 U.S.C. § 2252(a)(2) and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). On the day of the indictment, Special Agents William Docken and Eiden arrested Muick at his place of employment. The agents informed Muick of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Special Agent Eiden then asked Muick if he was still represented by the attorney who had represented him in 1996. Muick stated that he had fired that attorney. The agents then transported Muick to the local police station and interviewed him. They again read Muick his *Miranda* rights; Muick signed a waiver of those rights and a statement acknowledging his receipt, possession, and distribution of child pornography.

■ On March 17, 1997, Muick filed a motion to suppress this statement, on the grounds of his prior attorney's request that the Customs Service not speak to Muick without counsel being present was not honored. After an evidentiary hearing, the district court denied this motion. The case was tried to a jury, and the jury convicted Muick on all four counts. The district court imposed a five-point sentence enhancement for distributing child pornography for pecuniary

---

1. A modem, short for modulator-demodulator, converts a signal from a computer into a signal that can be carried over telephone lines, and then, on the receiving end, converts the telephone signal back into a mode interpretable by computers.

2. The term "child pornography," when used in this order, refers to "a visual depiction [which] involves the use of a minor engaging in sexually explicit conduct," 18 U.S.C. § 2252(a)(2), and not as defined in 18 U.S.C. § 2256, and criminalized in 18 U.S.C. § 2252A.

gain. U.S.S.G. § 2G2.2(b)(2). He then sentenced Muick to 48 months of imprisonment and three years of supervised release. Muick timely appealed.[3]

## II.

On appeal, Muick first contends that the government violated his right to counsel. Muick concedes that on February 6, 1997 the Customs agents advised him of his right to remain silent and his right to counsel, both at the time of the arrest and prior to the post-arrest interview. He also concedes that he voluntarily waived these rights. Instead, he argues that his attorney's request, made in January 1996, that Muick not be further contacted without the presence of counsel, invoked Muick's right to counsel. Further, Muick contends that the agents violated that right when they asked him if his attorney still represented him. Thus, we must address whether Muick's attorney's invocation of the right to counsel prior to indictment and arrest was effective after the indictment and arrest.

■ Muick relies on cases involving both the Sixth Amendment right to counsel and the *Miranda* right to counsel. As discussed by the Supreme Court in *McNeil v. Wisconsin,* the *Miranda* right to counsel stems not from the Sixth Amendment, but rather from the right against self-incrimination found in the Fifth Amendment. 501 U.S. 171, 176, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991). The Sixth Amendment right to counsel ensures that an accused may have an attorney assist him in legal proceedings during a prosecution. *Id.* The *Miranda* right to counsel ensures that a person under arrest has access to legal counsel during custodial interrogations. *See Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).

■ *McNeil* forecloses the argument that the Sixth Amendment right to counsel may be invoked before indictment. 501 U.S. at 175, 111 S.Ct. 2204 (Sixth Amendment right

to counsel "cannot be invoked once for all future prosecutions, for it does not attach until a prosecution is commenced ..."). This holding comports with the plain language of the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." It also comports with a long line of Sixth Amendment cases decided by the Supreme Court. *See United States v. Gouveia,* 467 U.S. 180, 187–88, 104 S.Ct. 2292, 81 L.Ed.2d 146 (1984) (collecting cases). When Muick's attorney requested that he be involved in all contact between Muick and the Customs agents, Muick had not yet been indicted. As there was no prosecution at that time, Muick's Sixth Amendment rights could not yet be invoked.

■ Therefore, we must consider whether Muick's *Miranda* right to counsel was properly invoked. Neither party has cited any law which holds that counsel may prospectively invoke their client's *Miranda* right to counsel before their client is in custody. The Supreme Court has not resolved this issue:

> We have in fact never held that a person can invoke his *Miranda* rights anticipatorily, in a context other than "custodial interrogation"—which a preliminary hearing will not always, or even usually, involve, *cf. Pennsylvania v. Muniz,* 496 U.S. 582, 601–602, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990) (plurality opinion); *Rhode Island v. Innis,* 446 U.S. 291, 298–303, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). If the *Miranda* right to counsel can be invoked at a preliminary hearing, it could be argued, there is no logical reason why it could not be invoked by a letter prior to arrest, or indeed even prior to identification as a suspect. Most rights must be asserted when the government seeks to take the action they protect against. The fact that we have allowed the *Miranda* right to counsel, once asserted, to be effective with respect to future custodial interrogation does not necessarily

---

**3.** Muick filed his notice of appeal one day before the district court actually entered the final judgment. This timing error does not deprive us of jurisdiction. *See, e.g., United States v. City of Milwaukee,* 144 F.3d 524, 530 (7th Cir.1998)

("Under Federal Rule of Appellate Procedure 4(a)(2), a notice of appeal filed after the court announces its decision but before final judgment is treated as filed on the date final judgment is entered.").

mean that we will allow it to be asserted initially outside the context of custodial interrogation, with similar future effect. *McNeil*, 501 U.S. at 181 n. 3, 111 S.Ct. 2204. However, based on this discussion, and law developed in other circuits, we have held that "in order for a defendant to invoke his *Miranda* rights the authorities must be conducting interrogation, or interrogation must be imminent." *United States v. LaGrone*, 43 F.3d 332, 339 (7th Cir.1994). In January 1996, when Muick's attorney made his request to be present at interviews, Muick was not under arrest, and it would be another thirteen months before the agents would arrest him. In January 1996, Muick could not prospectively invoke his *Miranda* rights for February 1997.

■ We are also cognizant of the Supreme Court's holding that only the accused may invoke the *Miranda* right to counsel. *See, e.g., Moran v. Burbine*, 475 U.S. 412, 433 n. 4, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) ("[T]he privilege against compulsory self-incrimination is, by hypothesis, a personal one that can only be invoked by the individual whose testimony is being compelled."). This principle alone dictates that the attorney's letter and phone call were insufficient to invoke the *Miranda* right to counsel. *Accord, Wisconsin v. Coerper*, 199 Wis.2d 216, 544 N.W.2d 423, 427 (Wis.1996) ("The only such request [for counsel] came in the August 18, 1993 letter from Attorney Bartman, but under [*State v.] Hanson*, [136 Wis.2d 195, 401 N.W.2d 771 (Wis.1987),] the request of an attorney does not constitute an invocation of a suspect's *Miranda–Edwards* right to counsel."). Only Muick could invoke his *Miranda* right to counsel. Regardless of how it is characterized, the January 1996 contact between Muick's attorney and Agent Eiden could not invoke a right to counsel in 1997.

■ Having established that the statements made to Agents Eiden and Docken were properly admitted into evidence, the other issues raised by Muick require little analysis. The evidence presented, including the statement signed by Muick, was more than sufficient to support the jury's conviction. Howard Schmidt qualified as an expert in computer forensics, and testified that

twenty-four computer files depicted actual persons; they were not computer generated images. Additionally, Dr. Joel Feinstein, a pediatrician, testified that the persons depicted in Muick's computer files were under the age of fourteen. The government also called Muick's assistant, who testified that he was aware of the child pornography on the computer, but did not place any of those files on the computer. This evidence, along with the computer directory called "Kiddie Porn" and the evidence of Muick's downloads from the Mexican computer system, permits a reasonable jury to find Muick guilty beyond a reasonable doubt of receiving and possessing visual depictions of minors engaged in sexually explicit conduct. Thus, Muick is unable to meet his heavy burden of showing that the evidence was not sufficient.

■ The sentencing enhancement imposed by the district court is similarly warranted by the evidence. Section 2G2.2 of the Sentencing Guidelines mandates at least a five-point sentence enhancement if the "offense involved distribution" of child pornography. We have previously held that "distribution" refers to distribution for pecuniary gain, and that pecuniary gain is a "broad concept." *See United States v. Black*, 116 F.3d 198, 203 (7th Cir.1997). Muick stated to the agents that he received money from one computer user, and graphic computer files from others, in exchange for graphic files containing child pornography. The government also introduced evidence that the computer system was devised to require a computer user to "barter" computer files before permission to download the child pornography was granted. The receipt of money and computer files establishes that Muick intentionally distributed child pornography for pecuniary gain.

■ As a final note, we refuse to address Muick's contention that the Child Pornography Prevention Act of 1996 is unconstitutional. Muick was convicted under 18 U.S.C. § 2252(a)(2); he has no standing to raise the constitutionality of 18 U.S.C. § 2252A, or amendments to § 2256, such as the definition of the term "child pornography." The term "child pornography" does not appear in § 2252(a), and any potential vagueness or

overbreadth of this term is irrelevant to Muick's conviction. Moreover, we note that the Supreme Court has rejected constitutional challenges to § 2252(a). *See United States v. X–Citement Video, Inc.,* 513 U.S. 64, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994). In any event, Muick does not challenge the constitutionality of § 2252(a).

Muick's conviction and sentence are AFFIRMED.