**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 3, 2010
Decided March 12, 2010

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 09-3240

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:07-cr-00126 |
| RANDY GELLINGER, *Defendant-Appellant*. | David F. Hamilton, *Judge*. |

**O R D E R**

After a bench trial, Randy Gellinger was found guilty of possessing child pornography, *see* 18 U.S.C. § 2252(a)(4)(B), and he was sentenced to the statutory maximum of 120 months in prison. *See id.* § 2252(b)(2). Gellinger appeals, but his appointed counsel has moved to withdraw because he cannot identify any nonfrivolous argument to pursue on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). Gellinger opposes counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues outlined in counsel's facially adequate brief and Gellinger's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

A task force investigating child exploitation crimes told federal and state officers that Gellinger had bought memberships to two known child pornography websites. The officers

went to question Gellinger at his parents' home; there, they read him his *Miranda* rights and obtained a written waiver-of-rights form on which he noted that he was not in custody. Gellinger admitted to having purchased membership in a child-pornography website and to having child pornography on his computer. After Gellinger consented orally and in writing to a search of his computer, the officers checked the computer and promptly found child pornography. He was arrested a week later, again given *Miranda* warnings, confronted with several of the files found on his computer, and he admitted that the files were his.

Gellinger moved to suppress evidence obtained during the search. The district court denied the motion because Gellinger had signed written forms consenting to the searches, and there was no persuasive reason to invalidate those consents. The case proceeded to a bench trial, upon which he was convicted of knowingly possessing 18 images of child pornography.

In his *Anders* submission, counsel first considers whether Gellinger could challenge the denial of his motion to suppress his statements to the police and the evidence recovered from his parents' home. Counsel asks whether the statements or consents that Gellinger gave at his parents' home were in any way involuntary, procured by threat or intimidation.

We agree with counsel that it would be frivolous to raise this challenge on appeal. First, as the district court found, Gellinger was not in custody at the time of questioning. Whether a suspect is in custody turns on whether, based on the totality of the circumstances, a reasonable person would believe that he was free to leave. *United States v. Thompson*, 496 F.3d 807, 810 (7th Cir. 2007). Here the court found that the agents had been invited into the home, Gellinger had agreed to be questioned, and the officers did not physically restrain or intimidate Gellinger in any manner. And even if the interview was deemed custodial, the court continued, the officers secured a knowing and voluntary waiver when Gellinger signed a written waiver of rights. Finally, the court disbelieved Gellinger's denials that he understood this waiver, and neither counsel nor Gellinger points to anything in the record that would lead us to disturb the court's finding. *See United States v. Villalpando*, 588 F.3d 1124, 1127 (7th Cir. 2009); *United States v. Stewart*, 536 F.3d 714, 720 (7th Cir. 2008).

Counsel also considers whether Gellinger could argue that there was insufficient evidence to support a finding of guilt. In reviewing a case for sufficiency of the evidence, we would view the evidence in the light most favorable to the government and uphold a conviction unless there is no evidence in the record from which a fact-finder could have found the defendant guilty. *See United States v. Hampton*, 585 F.3d 1033, 1040 (7th Cir. 2009); *United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008). Gellinger would face a "nearly

insurmountable" hurdle in showing that the evidence was insufficient to support a conviction, and we would not second-guess the fact-finder's decisions regarding the weight of the evidence. *United States v. Oros*, 578 F.3d 703, 710 (7th Cir. 2009); *United States v. Angle*, 234 F.3d 326, 339 (7th Cir. 2000). Based on Gellinger's admissions to the police and the numerous images recovered from his computer files, we agree with counsel that the evidence was more than sufficient for the judge to find Gellinger guilty beyond a reasonable doubt. *See United States v. Muick*, 167 F.3d 1162, 1166 (7th Cir. 1999) (recounting evidence deemed sufficient to uphold convictions on child pornography charges).

Finally, counsel considers whether Gellinger could challenge his sentence. We agree that any such challenge would be frivolous. The district court correctly calculated Gellinger's recommended guidelines range at 151-188 months, but noted that this range exceeded the 120-month statutory maximum under 18 U.S.C. § 2252(b)(2)–which became the recommended sentence. *See* U.S.S.G. § 5G1.1(a). We would presume that a sentence falling within the properly calculated guidelines range is reasonable. *See Rita v. United States*, 551 U.S. 338, 345-48 (2007)); *see also United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir.2005). The transcript from Gellinger's sentencing hearing shows that the court appropriately considered the required factors under 18 U.S.C. § 3553(a), taking into account the extremely exploitative nature of child pornography; Gellinger's significant criminal history of misdemeanor offenses, including additional foreboding incidents in the preceding month; and the need to deter others who might be thinking about collecting child pornography.

In his Rule 51(b) response, Gellinger broadly asserts that he received "ineffective counseling." A challenge to the adequacy of counsel's performance, however, is best pursued on collateral review so that a more complete record can be made. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Wilson*, 481 F.3d 475, 485 (7th Cir. 2007). Gellinger also claims that the court and the government were biased because of the nature of his crime. But Gellinger points to nothing in the record that would suggest inappropriate bias, and we can find none.

Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** the appeal.