NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 21, 2011
Decided October 4, 2011

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3562

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Central District of Illinois. |
| *v.* | No. 09-20072-001 |
| JOHN C. KEITH, | Michael P. McCuskey, |
| *Defendant-Appellant.* | *Chief Judge.* |

**O R D E R**

A grand jury returned an indictment against John Keith, charging him with one count of distributing child pornography, 18 U.S.C. § 2252A(a)(2)(A), three counts of receiving child pornography, *id.*, two counts of possessing child pornography, *id.* § 2252A(a)(5)(B), and one count of destroying evidence, *id.* § 1519. A jury found him guilty on all counts, and he was sentenced to 240 months' imprisonment. Keith filed a notice of appeal, but his appointed lawyer seeks to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Keith opposes counsel's motion, *see* CIR. R. 51(b). We review only the potential issues identified in counsel's facially adequate brief and in Keith's response. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002). We grant counsel's motion to withdraw and dismiss the appeal.

Before trial Keith moved to suppress statements that he made to law-enforcement officials during the investigation and arrest, when he admitted to downloading and sharing illegal child-pornography images through peer-to-peer filesharing software called Limewire. He argued that these admissions should be suppressed because he made them under coercive circumstances or without being advised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). He also sought to suppress all evidence seized by law-enforcement officials. With both parties' agreement, the district court delayed ruling on the motion until the trial's conclusion, a practice we find odd and do not encourage. *See* FED. R. CRIM. P. 12(d) ("The court must decide every pretrial motion before trial unless it finds good cause to defer a ruling.").

At trial FBI agents testified to using Limewire to search for internet protocol (IP) addresses offering child pornography. Their searches uncovered an IP address belonging to Keith's father in Kankakee, Illinois. Kankakee police told agent Jeffrey Heinze that Keith's father had been seen observing children near a school bus stop. Believing that Keith's father might be molesting children and sharing child pornography, Heinze obtained a warrant to search the Keith residence and seize digital media. Agents entered the residence a few days later at 5:50 p.m. and had their attention piqued after noticing Keith in a bedroom using a laptop. Agent Steven Evans recalled that Keith appeared nervous and responded to questions with "suspicious" answers. Keith told Heinze that he knew the agents were there because of "something that I was doing peer-to-peer" and acknowledged being the only resident who used Limewire. Meanwhile, a detective who examined Keith's laptop with forensic software noticed that a file labeled "Limewire" and videos had been deleted at 5:56 p.m. Some deleted files had been placed on a USB adapter containing a memory card. When agents confronted Keith about these files, he responded that he had deleted them after seeing agents approaching the house. He admitted to using Limewire to search for, download, and share child-pornography images and to moving files onto a memory card, and he acknowledged downloading 60 child-pornography images that agents found on the laptop.

Agent Greg Catey arrested Keith a year later. After receiving *Miranda* warnings, Keith told Catey about using Limewire to download child pornography. Keith allowed Catey to search his new laptop and other digital media; two months later Catey obtained a warrant and searched and seized those materials.

At trial the government introduced 32 still images or video clips of child pornography found on Keith's computer equipment. Keith, who stipulated that the images depicted child pornography, moved under Federal Rule of Evidence 403 to bar the government from showing any more images, which he said were overly prejudicial. The court denied the motion, explaining that the government's presentation of the images to the

jury was appropriately limited; ten of the images were subsequently re-shown to the jury during the testimony of a pediatrician, who identified the children as being minors.

After the government presented its case, the district court denied Keith's motion to suppress. The court ruled that his statements to law-enforcement officials were admissible because he was not in custody during the investigation and he had voluntarily waived his *Miranda* rights during the arrest; the court also found admissible the evidence seized during the investigation and arrest because it was based on warrants that were properly issued. Keith subsequently moved for a judgment of acquittal, *see* FED. R. CRIM. P. 29(c), which the court denied.

The jury ultimately convicted Keith on all counts. He moved for a new trial based on insufficient evidence, *see* FED. R. CRIM. P. 33(a), but the court denied the motion. The court sentenced Keith to the statutory maximum of 240 months' imprisonment on each count of distributing and receiving child pornography and destroying evidence, 18 U.S.C. §§ 1519, 2252A(b)(1), and to the statutory maximum of 120 months' on each possession count, *id.* § 2252A(b)(2), to run concurrently.

In her *Anders* submission, counsel first considers but correctly rejects arguing that the district court erred in denying Keith's motion to suppress the materials seized during the investigation. Probable cause to support a search warrant exists when the totality of the circumstances known at the time would persuade a reasonably prudent person that a search will uncover evidence of a crime. *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Carson*, 582 F.3d 827, 831 (7th Cir. 2009). Such circumstances existed here: agents informed the magistrate judge that the Keiths' IP address was offering child pornography through filesharing software and that local police had seen Keith's father near a school bus stop.

Counsel next considers whether Keith could argue that the district court erred in denying his motion to suppress statements made to agents Evans and Heinze during the investigation because they did not read him his *Miranda* rights. We agree with counsel that this challenge would be frivolous because Keith was not in custody when questioned by both agents. A person is "in custody" for *Miranda* purposes when, given the totality of the circumstances, a reasonable person would not have felt free to end the interrogation and leave. *Yarborough v. Alvarado*, 541 U.S. 652, 662 (2004). Factors relevant to this inquiry include whether the suspect consented to speak with the officers; whether the officers informed the suspect that he was not under arrest and was free to leave; whether there was a threatening presence of several officers and a display of weapons or physical force; and whether the officers' tone of voice was such that their requests were likely to be obeyed. *United States v. Littledale,* — F.3d —, 2011 WL 2708633, at *2–3 (7th Cir. July 12, 2011); *United States v. Snodgrass*, 635 F.3d 324, 327–28 (7th Cir. 2011). Here, Keith was not restrained

during his conversations with Evans and Heinze; the agents' weapons were not drawn nor their voices raised; and Heinze told Keith that he was not under arrest, was free to leave, and did not have to speak if he did not want to.

Counsel also considers but correctly rejects arguing that the district court erred in denying Keith's motion to suppress statements made to Catey without a voluntary and knowing waiver of his *Miranda* rights. A suspect's valid waiver of his *Miranda* rights requires that the "'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension." *Moran v. Burbine*, 475 U.S. 412, 421 (1986) (internal citation omitted); *see United States v. Vallar*, 635 F.3d 271, 284 (7th Cir. 2011). Here Catey testified that he spoke to Keith in a normal tone without drawing any weapons, and that Keith appeared to understand his *Miranda* rights, did not display any cognitive difficulties, spoke in a "very conversational" manner, and never asked to have a lawyer present.

Counsel next considers whether Keith could argue that the district court abused its discretion in denying his motion to bar additional child-pornography images from being shown to the jury under Federal Rule of Evidence 403. Counsel suggests that the child-pornography images were overly prejudicial, especially since Keith had offered to stipulate to their content. But offers of stipulation are not persuasive in the context of child-pornography prosecutions, *see, e.g., United States v. McCourt*, 468 F.3d 1088, 1091–92 (8th Cir. 2006); *United States v. Campos*, 221 F.3d 1143, 1149 (10th Cir. 2000). Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," FED. R. EVID. 403, but evidence should not be excluded merely because it might be "graphic or disturbing," *United States v. Kapp*, 419 F.3d 666, 667 (7th Cir. 2005). Here the images were probative because they showed Keith's possession of child-pornography images and his knowledge of possessing such images. Given that the government showed the jury only 32 of the 4,242 images found on Keith's computer—and those images were shown for a limited time period—we would conclude, as have other circuits in similar cases, that the court appropriately found that the risk of prejudice did not substantially outweigh the images' probative value. *See United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010); *United States v. Polouizzi*, 564 F.3d 142, 152–53 (2d Cir. 2009); *United States v. Ganoe*, 538 F.3d 1117, 1123–24 (9th Cir. 2008); *United States v. Morales-Aldahondo*, 524 F.3d 115, 119–20 (1st Cir. 2008); *McCourt*, 468 F.3d at 1091–93. We agree with counsel that a Rule 403 challenge would be frivolous.

Counsel also considers but correctly rejects arguing that the evidence was insufficient to convict Keith of all counts charged in the indictment. We would affirm the judgment based on the sufficiency of evidence "if any rational jury could have found the elements of the crime beyond a reasonable doubt." *United States v. Wortman*, 488 F.3d 752,

754–55 (7th Cir. 2007); *see United States v. Muick*, 167 F.3d 1162, 1166 (7th Cir. 1999). On the child-pornography charges, 18 U.S.C. § 2252A(a)(2)(A), (a)(5)(B), a rational jury could have found sufficient evidence because witnesses testified that Keith admitted to using Limewire to download and share child pornography, and witnesses identified images recovered from his computers. Moreover, experts in computer forensics testified that images found on Keith's computers depicted known victims of child molestation and sexual abuse, and a pediatrician opined that the persons depicted were minors. On the destruction-of-evidence charge, *id.* § 1519, a rational jury could have found sufficient evidence because agents testified that Keith admitted to deleting and moving files from his laptop onto a flash drive upon seeing agents approach his house. Also, forensic evidence showed that files were deleted from Keith's computer just minutes after the agents' arrival, and agents testified that, upon entering the house, they saw Keith using his computer. Keith maintains in his Rule 51(b) response that there was insufficient evidence for conviction because he never made statements to agents, that other people used the computers, that any downloaded images were accidents, and that he did not intend to destroy evidence. But a reasonable jury could disagree, and we would not reweigh the evidence or second-guess the jury's determinations about the witnesses' credibility. *See United States v. Green*, 648 F.3d 569, 578 (7th Cir. 2011).

Turning to his sentence, Keith asserts in his Rule 51(b) response that the district court erred by not adequately considering his argument that he deserved a lower sentence for providing care for his ill parents and brother. But this argument would be frivolous. His 240-month sentence was already below the properly-calculated guidelines range of 292 to 365 months and thus presumptively reasonable, *Rita v. United States*, 551 U.S. 338, 341 (2007); *United States v. Poetz*, 582 F.3d 835, 837 (7th Cir. 2009), and sentencing courts may freely reject without discussion "stock arguments" like the one Keith made about his family situation. *United States v. Martinez*, 520 F.3d 749, 753 (7th Cir. 2008) (internal citation omitted). At any rate, Keith mentioned his caregiving responsibilities at the end of his allocution, and the court sufficiently explained why it would not be swayed: "Maybe you have been a caregiver, but you sure spent a lot of time on the computer violating the law while you were doing it."

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal. Keith's motion for appointment of substitute counsel is DENIED as moot.